529 A.2d 1215

Danwell Corporation, Valley Forge Industries, Inc., and Asphalt Paving and Supply Company, Appellants *v.* Zoning Hearing Board of Plymouth Township, D. Francis Pagnotti, William D. Culp, Bernard Toth and Charles P. Grohoski, Appellees.

Argued June 8, 1987, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Edward J. Hughes,* with him, *John G. Kaufman,* for appellants.

*Herbert F. Rubenstein,* for appellee, Plymouth Township Zoning Hearing Board.

*Arthur Lefkoe, Wisler, Pearlstine, Talone, Craig and Garrity,* for appellee, Plymouth Township.

OPINION BY JUDGE CRAIG, August 20, 1987:

Landowners Danwell Corporation, Valley Forge Industries, Inc. and Asphalt Paving and Supply Company appeal from an order of the Court of Common Pleas of Montgomery County, dismissing their complaint in mandamus. The landowners had requested the trial court to order the Zoning Hearing Board of Plymouth Township to enter a deemed approval of their application for special exception because of the board's failure to render a decision within forty-five days of the hearing, as provided by section 908 of the Pennsylvania Municipalities Planning Code (MPC).[1] We affirm.

The key question is whether an evenly-divided vote by a zoning hearing board in a case involving special exception and interpretation issues, embodied in a writ-

---

[1] Subsection 908(9) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), provides in pertinent part:

> The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer. . . . Where the board has power to render a decision and the board or the hearing officer, as the case may be, fails to render the same within the period required by this subsection, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time. Nothing in this subsection shall prejudice the right of any party opposing the application to urge that such decision is erroneous.

ing issued by the board, constitutes a denial of the request and, as such, a decision within the time limit of section 908 of the MPC.

The landowners had filed, with the board, an application for a special exception and for an interpretation of the Plymouth Township Zoning Ordinance to allow construction and operation of a trash transfer station on seventeen acres of land located in the township's Limited Industrial District.

The landowners presented their case to the zoning hearing board on May 29, 1985. On June 10, 1985, when the four-member board met in a public session, two members voted in favor of the application and two members voted against the application. On July 8, 1985, forty days after the hearing, the board issued a written document[2] denying the application. Only two of the four board members signed that document.

In the landowner's mandamus action, the trial court determined that the board's written document which it had issued after a tie vote did not constitute a "decision," citing *Petrone v. Board of Commissioners of Swatara Township*, 22 Pa. Commonwealth Ct. 415, 349 A.2d 500 (1975). Consequently, the trial court ordered the approval of the landowners' application subject to compliance with applicable township regulations.

After allowing Plymouth Township to intervene and hearing oral argument on the board's motion for post-trial relief on January 16, 1986, the trial court noted that this court had recently addressed the question of the effect of a tie vote by a zoning hearing board in *Gi-*

---

[2] The caption on that document reads:
COMMONWEALTH OF PENNSYLVANIA
PLYMOUTH TOWNSHIP ZONING HEARING BOARD
APPLICATION OF DANWELL CORPORATION—
VALLEY FORGE INDUSTRIES
DECISION DATED JULY 8, 1985

*ant Food Stores, Inc. v. Zoning Hearing Board of Whitehall Township,* 93 Pa. Commonwealth Ct. 437, 501 A.2d 353 (1985).

In *Giant Food Stores* at 441, 501 A.2d at 355, this court stated that "[t]his court expressly disavows any conclusion that a tie vote of a zoning hearing board constitutes the absence of a decision."

Accordingly, Judge STEFAN reversed his earlier decision and dismissed the landowners' complaint in mandamus.

In reversing his earlier decision, Judge STEFAN correctly determined that *Giant Food Stores,* rather than *Petrone,* is applicable here. Whether the zoning hearing board's action, memorialized in writing, be treated as one by an evenly-divided appellate tribunal (thus leaving in effect the negative administrative response which the landowner had appealed to the board) or as an original administrative response leaving a direct application unimplemented, the result is a refusal of the landowner's request. *Giant Food Stores,* at 440, 501 A.2d at 355.

Our determination here—that a tie vote of a zoning hearing board, conveyed to the applicant in writing within forty-five days of the hearing, is a valid decision under 53 P.S. §10908—does not cause a procedural dilemma for that applicant. As this court stated in *Giant Food Stores* at 442, 501 A.2d at 356, "[w]hen a zoning tribunal, by an evenly divided vote, refuses to depart from the status quo, the aggrieved party has the benefit of a statutory zoning appeal as a remedy. . . ." As in *Giant Food Stores,* the landowners here have acted in a precautionary manner and have filed a timely statutory zoning appeal.

Next, the landowners assert that the trial court's final decision, dated October 22, 1985, was premature because the hearing on October 4, 1985, was a hearing

only on the landowners' motion for a peremptory judgment based upon the deemed approval claim. Accordingly, the landowners claim that they are yet entitled to a final hearing, at which they would have an opportunity to pursue further their claim that one of the voting board members should be disqualified for bias.

The record is extremely confused on points relating to this issue. The landowners moved for peremptory judgment and sought a hearing for that purpose. By order of July 29, 1985, the court fixed October 4, 1985 as the date for hearing on the "Complaint and Motion for Peremptory Judgment." However, at that October 4 hearing, the landowners proceeded with evidence relating to the issue of the board member's bias as well as with evidence relating to the deemed-approval peremptory judgment issue.

Mandamus, and peremptory judgment in mandamus under Pa. R.C.P. No. 1098, are appropriate modes of proceeding with respect to the deemed approval. *Foltz v. Monroeville*, 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972). On the other hand, mandamus obviously is not an appropriate vehicle for adjudicating the issue of bias because that question does not involve a nondiscretionary duty.

However, following the October 4 hearing, the trial court's order of October 22, 1985, based on the conclusion that there was entitlement to deemed approval, granted the motion for *declaratory judgment* without any mention of peremptory judgment or mandamus. At the least, that characterization by the trial judge is consistent with an understanding on his part that the hearing had given the landowners an opportunity to pursue all of their issues.

After the trial judge, following consideration of the board's post-trial motion, reversed his conclusion as to deemed approval, he did not authorize any further

hearing on the bias issue, nor did he expressly decide that matter.

The trial judge's approach is understandable and consistent with the view that the October 4 hearing gave the landowners a full opportunity to present all their evidence on both issues.

No further hearing is warranted. With a full opportunity to cover their assertion that a board member who was then a candidate for council should have recused himself because of a conflict of interest stemming from his political platform, the landowners failed to provide substantial evidence. They established only that the board member in question was a candidate for council. The trial judge ruled inadmissible all other evidence which the landowners offered as allegedly relevant to bias. The landowners' brief in this court fails to challenge those evidentiary rulings and therefore does not provide any basis for a conclusion that the judge's evidence rulings were erroneous. With no evidence to support the bias claim, the absence of any adjudication by the trial judge on the point was, at most, a harmless omission.

Accordingly, Judge STEFAN's decision is affirmed.

### ORDER

Now, August 20, 1987, the order of the Court of Common Pleas of Montgomery County, at No. 85-11788, dated February 3, 1986, is affirmed.