600 A.2d 667

**Gerald L. YOUNG, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1991.

Decided Dec. 4, 1991.

Reargument Denied Jan. 27, 1992.

Petition for Allowance of Appeal Denied June 9, 1992.

Jeffrey F. Arnold, for petitioner.
Anderson Lee Hartzell, Asst. Counsel, for respondent.

Before PALLADINO and McGINLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Gerald L. Young (Young) petitions for review of an adjudication and order of the State Board for Certification of Sewage Enforcement Officers (Board) which sustained an action of the Department of Environmental Resources (DER), issuing a Notice of Revocation of Certification (notice of revocation) to Young.

The procedural history is as follows. On January 19, 1990, DER issued Young a notice of revocation containing several different grounds as the basis for the revocation.[1] On February 13, 1990, Young requested a hearing. A hearing was held on May 30, 1990 before two Board members, B. Kenneth Greider and Dean Shultz. Proposed findings of fact and conclusions of law were submitted by both Young and DER. Thereafter, on November 13, 1990, the four member Board issued its adjudication and order sustaining the revocation by DER of Young's certificate as a sewage enforcement officer.[2] The order to sustain the action by DER was signed by two Board members, Dean Shultz, Chairman and Thomas C. Bowes, Vice–Chairman, with two other Board members, Edward L. McDougall and B. Kenneth Greider, dissenting.

The applicable regulations pertaining to Board review of DER actions of revocation or suspension of certification are found at 25 Pa.Code § 72.58. Section 72.58(d) provides:

Actions and adjudications of the Certification Board

1. The three bases for revocation of Young's certificate were that, primarily between 1987 and 1990, he had: 1) issued permits for on-lot sewage systems before the local municipality had obtained approval for its comprehensive sewage facilities plan; 2) issued permits for on-lot sewage systems which Young himself had designed; and 3) issued permits for on-lot systems which failed to pass environmental "percolation" tests.

2. Sewage enforcement officers are responsible for issuing or denying permits for on-lot sanitary sewage systems in the Commonwealth.

shall be by a vote of a majority [3] of members present at a meeting called for consideration of the action or adjudication. Three members of the Certification Board constitute a quorum.[4] (Footnotes added.)

 The issue presently before us for consideration is whether the DER's order of revocation can be sustained by a vote of less than a majority of Board members.

Young asserts two bases for his contention that the order of the Board should not be sustained. First, he argues the decision of the Board was not by a majority vote of members present as required under Section 72.58(d). Because the decision of the Board was not by a "majority", the revocation cannot be upheld argues Young. Second, Young indicates that the hearing before the Board was de novo and because no majority decision was rendered, the order sustaining the revocation cannot be upheld.

DER agrees that action can only be taken by majority vote but contends that the majority provisions enunciated in Section 72.58(d) apply only if the Board decided to "take action" by reversing the action of DER. The relief sought by Young after his hearing was for the Board to take the action of reversing the DER's revocation of his license. DER insists that since the Board can only take action by majority vote under Section 72.58(d), and since there was no majority vote to take the action to reverse the certification revocation, the revocation of Young's certification must be affirmed. Thus, argues DER, the Board's split decision has the effect of denying Young's request that the Board take the action of reversing the DER's revocation of Young's certification. Only if the Board decided to reverse DER's action would the Section 72.58(d) majority vote provisions be applicable, asserts the DER.

 In advancing this convoluted theory, however, DER ignores the de novo aspect of the hearing before the

3. Black's Law Dictionary 860 (5th ed. 1979) defines "majority" as: The number greater than half of any total.

4. Black's Law Dictionary 1130 (5th ed. 1979) defines "quorum" as: A majority of those entitled to act.

Board. De novo review involves full consideration of the case anew. The Board, as a reviewing body, is substituted for the prior decision maker, DER, and redecides the case. *See Commonwealth v. Virnelson,* 212 Pa.Superior Ct. 359, 243 A.2d 464 (1968). Here, the record indicates that a prehearing conference was held before the Board on April 6, 1990, and testimony of both parties was taken at the May 30, 1990 hearing. Exhibits were introduced by both Young and DER at the hearing.

■ As previously enunciated, pursuant to environmental regulations, actions by DER to revoke the certification of a sewage enforcement officer are reviewed by the Board as set forth in 25 Pa.Code § 72.58. Section 72.58(c) indicates that at the hearing before the Board, DER bears the burden of proof as to the alleged violations of regulations by Young. The violations must be established by a preponderance of the evidence. Thus, at the hearing before the Board, the affirmative of the issue of whether Young had incurred violations was upon DER.[5] The Board then issued its order sustaining the revocation by DER with a vote of 2 to 2.

Our research has revealed no case law in this Commonwealth with respect to split votes before the State Board for Certification of Sewage Enforcement Officers. Equally divided votes have been construed in the context of zoning hearing board decisions, however. To date, such votes have been deemed to constitute a denial of the action requested from the Board, rather than the absence of a decision. *See Bene v. Zoning Hearing Board of Windsor Township,* 121 Pa.Commonwealth Ct. 380, 550 A.2d 876 (1988); and *Giant Food Stores, Inc. v. Zoning Hearing Board of Whitehall Township,* 93 Pa.Commonwealth Ct. 437, 501 A.2d 353 (1985). Similarly, in a public utility case, the Superior Court

5. The record demonstrates that at the hearing before the Board, counsel for DER stated: "We are here to establish that the Department's (DER's) bases for issuance of the revocation of the certification of Mr. Young was reasonable and was not arbitrary and capricious, and was in accordance with the law and regulations." R.R. 6a. DER then proceeded to present their case.

determined that a tie vote of an administrative body constitutes a refusal of the action requested from it. *Pennsylvania Publications, Inc. v. Public Utility Commission,* 152 Pa.Superior Ct. 279, 32 A.2d 40 (1943), *reversed on other grounds,* 349 Pa. 184, 36 A.2d 777 (1944).

Application of the standard enunciated above to the instant case yields the following analysis. Here, in a de novo hearing before the Board, DER bears the burden of proof by a preponderance of the evidence that the sewage enforcement officer certification of Young should be revoked for alleged violations. Such a determination must be by a vote of a majority of Board members. Since there was no majority vote to take the requested action of revoking Young's certification, the Board's equally divided vote must be viewed as a denial of the action requested of the Board, and DER's revocation of Young's certification must be reversed.

As was aptly stated by Judge Wieand [6] in *Walnut Realty, Inc. v. Zoning Hearing Board,* 37 Leh.L.J. 119 (1976) and reiterated by this Court when construing a statutory zoning appeal in *Giant Food,*

> When a legal or semi-legal tribunal consists of only two members, neither one of them can perform an affirmative act changing, or which may change, an existing condition; for it takes a majority of the whole body to do this, and one is not a majority of two....
>
> *Giant Food,* 93 Pa.Commonwealth Ct. at 442, 501 A.2d at 356.

Analogously, two members of a four member certification board do not constitute a majority. The regulations codified at 25 Pa.Code § 72.58(d) indicate that actions and adjudications by the Board require a vote of a majority and reveal that three members constitute a quorum or majority for such actions and/or adjudications. An evenly divided

**6.** Now a judge of the Superior Court of Pennsylvania.

vote of the Board is insufficient to affirm the requested action of revocation of certification.[7]

On the basis of the foregoing, we reverse the order of the Board.

## ORDER

AND NOW, this 4th day of December, 1991, the order of the State Board for Certification of Sewage Enforcement Officers is reversed.

---

**7.** Young also presents the issue of whether substantial evidence supports the decision of the Board. Because of our disposition of the split-vote issue, we will not address the substantial evidence question.