Mae C. LEE, Appellant,

v.

ZONING HEARING BOARD OF STROUD TOWNSHIP, Monroe County, Pennsylvania and Stroud Township Supervisors.

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 2002.

Decided Dec. 5, 2002.

Gerard J. Geiger, Stroudsburg, for appellant.

Richard E. Deetz, Stroudsburg, for appellees.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Mae C. Lee (Lee) appeals from the May 9, 2002, order of the Court of Common Pleas of Monroe County, Forty–Third Judicial District (trial court), which affirmed the order of the Zoning Hearing Board (ZHB) of Stroud Township (Township) denying Lee's application for a special exception. We affirm.

Lee owns a piece of property situate between State Route 611 and Interstate 80 in the Township. (ZHB's Findings of Fact, No. 2.) A portion of Lee's property is located in the C–2 General Commercial zoning district, and the remainder of the property is located in the R–1 Low Density Residential zoning district; the entire property also is in an EP–1 Enterprise Park zoning district, which is an overlay on other zoning districts. (ZHB's Findings of Fact, No. 2; *see* ZHB's Findings of Fact, No. 10(*l* ).) Lee seeks to construct a 300

square-foot off-premises advertising sign in the northwest corner of her property (Corner Property). (ZHB's Findings of Fact, No. 3.) The Corner Property is located in the R–1 zoning district and the overlaying EP–1 zoning district. (ZHB's Findings of Fact, Nos. 10(a-b); S.R. at 5b.)

On or about March 5, 2001, Lee filed an application (Application) with the Township, seeking a special exception to construct the sign on her property pursuant to section 9.241 of the Township's Zoning Ordinance (Ordinance). (ZHB's Findings of Fact, No. 3.) Section 9.241 permits off-premises signs "in a commercial or industrial zoning district" by special exception, (ZHB's Findings of Fact, No. 10(c); R.R. at R56), and provides that such a sign "shall be located in accordance with the yard setbacks for structures located in commercial or industrial zoning districts."[1] (R.R. at R56.)

On June 6, 2001, the ZHB held a hearing on Lee's Application, at which time Lee appeared and presented evidence. (ZHB's Findings of Fact, Nos. 8–9.) Before the ZHB, Lee did not dispute that off-premises signs are not permitted in the R–1 zoning district. (ZHB's Findings of

Fact, No. 10(e) and Conclusions of Law, No. 5.) However, Lee argued that her Application should be granted because her Corner Property is located in an EP–1 district, which she maintained is a commercial district. The ZHB disagreed. Noting that the EP–1 zoning district is not categorized as either a commercial or industrial zoning district, (ZHB's Conclusions of Law, No. 8), the ZHB held that Lee's sign is not permitted under section 9.241 of the Ordinance. (ZHB's Findings of Fact, No. 10(q).) Additionally, the ZHB found that Lee's proposed sign violates both the setback area and buffer yard area requirements in the EP–1 zoning district.[2] (ZHB's Findings of Fact, No. 10(k) and Conclusions of Law, No. 7.)

■ Accordingly, the ZHB denied Lee's Application, concluding that Lee failed to meet her burden of establishing entitlement to a special exception under section 9.241. (ZHB's Conclusions of Law, No. 11.) Lee appealed to the trial court,[3] which affirmed the ZHB. Lee now appeals to this court,[4] arguing that the ZHB erred in denying her Application.

■ In seeking a special exception, the applicant has the burden of establish-

---

1. Section 9.241 also provides that the off-premises sign shall not exceed 300 square feet in surface area, shall have only one exposed face and shall not be closer than 1,320 feet to another off-premises sign. (ZHB's Findings of Fact, No. 10(c); R.R. at R56.) These requirements are not at issue here.

2. Section 7.424 of the Ordinance provides for set-backs in an EP–1 district of 100 feet in the front and rear yards and fifty feet in the side yard. (ZHB's Findings of Fact, No. 10(f).) Section 7.424 also requires a 200-foot buffer when an EP zone abuts an R–1 district, (ZHB's Findings of Fact, No. 10(g); R.R. at R84), and section 7.432 of the Ordinance further provides that the buffer yard be landscaped and free of structures except for a direction sign at each driveway. (ZHB's Findings of Fact, No. 10(i).) Thus, off-prem-

ises signs are not permitted in a buffer yard area in an EP–1 zoning district. (ZHB's Findings of Fact, No. 10(j).)

3. The trial court issued an order granting the Township Supervisors leave to intervene.

4. Where, as here, the trial court has not taken any additional evidence, this court's scope of review is limited to determining whether the ZHB committed an error of law or a manifest abuse of discretion. *See Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). The ZHB abuses its discretion where its findings are not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Id.*

ing that the proposed use satisfies the requirements of the zoning ordinance. *Edgmont Township v. Springton Lake Montessori School, Inc.*, 154 Pa.Cmwlth. 76, 622 A.2d 418 (1993). Section 9.241 of the Township's Ordinance permits, by special exception, off-premises signs in a commercial or industrial zoning district. Thus, as a threshold matter, Lee must prove that the proposed sign would be located in a commercial or industrial zoning district. The ZHB neither erred nor abused its discretion in concluding that Lee failed to sustain this burden.

Lee's Corner Property is zoned R–1 with an EP–1 overlay. It is undisputed that an off-premises sign is not permitted in an R–1 district. Nevertheless, Lee maintains that she can construct her sign pursuant to section 9.241 because her Property is in a commercial district.[5] In arguing her contrary position, Lee maintains that, because the Ordinance does not specifically define "commercial district" and because section 9.241 of the Ordinance permits off-premises signs in "commercial" districts generally, without specifying the category of district such as C–1 or C–2, that section of the Ordinance is ambiguous. Lee argues that, because of this ambiguity, the language of the Ordinance must be interpreted as ordinarily understood with a view toward the broadest possible use of the land; that is, we should construe any

zoning district in which commercial uses are permitted as a "commercial" district. Applying this reasoning, Lee maintains that, because the EP–1 district is primarily devoted to commercial uses, it is, in fact, a commercial district. Consequently, Lee can construct her sign in the EP–1 district pursuant to section 9.241 of the Ordinance. We cannot accept this reasoning.

Contrary to Lee's assertion, section 9.241 is not ambiguous merely because that section uses the phrase "commercial or industrial zoning district" rather than specifying a particular zoning category, such as C–1 or C–2. Indeed, as the ZHB found, section 3.100 of the Ordinance provides for thirteen zoning districts and specifically designates three of those districts as commercial[6] and one district as industrial.[7] (ZHB's Findings of Fact, No. 10(m).) Section 3.100 does *not* place the EP zones into either category. Additionally, the mere fact that some limited commercial uses are permitted in the EP–1 district does not transform the EP–1 district into a "commercial" district as referenced in section 9.241. In fact, Marvin W. Walton, who had been a zoning officer with the Township at the time the EP regulations first were drafted, admitted that the Township intended the EP zones not as commercial districts but as hybrid or transition zones.[8] (R.R. at R39). Moreover,

5. Lee does not argue that her Property is in an industrial district.

6. The commercial districts are the C–1 Neighborhood Commercial District, the C–2 General Commercial District and the C–3 Resort Commercial District. (ZHB's Findings of Fact, No. 10(m).)

7. The industrial district is the M–1 Industrial District. (ZHB's Findings of Fact, No. 10(m).)

8. Section 3.230 of the Ordinance pertains to Enterprise Park zoning districts and provides:

The primary purpose of the Enterprise Park Zoning Districts (EP–1 and EP–2) is to provide areas in Stroud Township for new economic development and limited housing development which shall be designed and built to be in harmony with the existing environment including the natural and human environment. The specific intent of the Enterprise Park Zoning Districts is stated as follows:
To provide space primarily for office-and-service-oriented, limited retail commercial, and limited manufacturing type of economic development that is campus-like in character. A limited amount of retail commer-

the EP–1 district permits residential uses as well. (Schedule V, B. at R.R. at R96.) For these reasons, we conclude that the ZHB neither erred as a matter of law nor abused its discretion when it determined that "commercial" district, as used in section 9.241 of the Ordinance refers to those zoning districts specifically designated as "commercial" in section 3.100.[9] Because the EP–1 zoning district is not included in this category, we affirm the order denying Lee's Application.[10]

### ORDER

AND NOW, this 5th day of December, 2002, the order of the Court of Common Pleas of Monroe County, Forty–Third Judicial District, dated May 9, 2002, is hereby affirmed.

cial space may be included if the type of retail activities support (sic) the primary uses of the EP and if the amount of retail space is incidental to the overall developed space.

To encourage the growth of the desired type of economic development set forth in this Ordinance while maintaining the high quality of living environment and attractive aesthetic quality in Stroud Township.

To provide a transitional area between high intensity land use activities (such as retail commercial and industrial uses) and residential areas in order to minimize potential conflicts between the incompatible land uses or their adverse impact upon one another.

To require that all uses in the EP–1 and EP–2 Zones be developed in a clustered pattern that preserves 50% or more of the land in open space.

The intent of the EP–1 is to serve finance, insurance, real estate services, public administration, and limited construction and manufacturing uses. Limited retail trade uses are permitted only as an incidental use to the primary intent of EP–1.

(R.R. at R53–R54.)

Lee has not proposed any Enterprise Park use for her Property. (ZHB's Findings of Fact, No. 10(0).)

9. We note that the ZHB's interpretation of the Township's Ordinance is entitled to substantial deference. *See Montgomery Crossing Associates v. Township of Lower Gwynedd,* 758 A.2d 285 (Pa.Cmwlth.2000), *appeal denied,* 565 Pa. 656, 771 A.2d 1291 (2001).

10. Because of our disposition, we need not address Lee's argument regarding whether her Application complied with the Ordinance's setback requirements.