**Glenn A. KUSZYK, Appellant,**

v.

**ZONING HEARING BOARD OF AMITY TOWNSHIP,**

v.

**Amity Township, Berks County Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2003.
Decided Oct. 22, 2003.

Lawrence Sager, Pottstown, for appellant.

George C. Balchunas, Wyomissing, for appellee.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Glenn A. Kuszyk appeals from an order of the Court of Common Pleas of Berks County that affirmed the April 24, 2002 decision of the Zoning Hearing Board of Amity Township (Zoning Board), which in turn had denied Kuszyk's appeal from a decision and enforcement notice issued by the Amity Township zoning officer directing Kuszyk to cease the operation of a helicopter from his single-family residence. Kuszyk raises three questions for the Court's review: whether the decision of the Zoning Board should have been vacated because one of its members who voted against Kuszyk's position is the spouse of a Township Supervisor; whether he has the right to operate his helicopter from his residence; and whether the decision of the Zoning Board was rendered in violation of the Sunshine Act, 65 Pa.C.S. §§ 701–716.

I

In May 2001 Kuszyk purchased a two-acre lot in Amity Township, Berks County. The area in which Kuszyk's property is located is classified as a Rural Conservation District, which permits agriculture, certain municipal uses, single-family dwellings and woodland and game preserves and similar conservation uses.[1] The Zoning Board found that before purchasing the property, Kuszyk talked to George

---

1. *See* Section 401 of Amity Township's Zoning Ordinance of 1991.

Tindall, then the Township manager, about whether the Township would permit Kuszyk to operate a helicopter from the property. After speaking with James Wozniak, the code enforcement officer, Tindall informed Kuszyk that nothing in the ordinance prohibited the use of the property as a private landing area. Kuszyk installed a helipad (takeoff/landing pad) on his property and obtained Federal Aviation Administration (FAA) approval to operate a heliport.[2]

Kuszyk submitted an application, dated August 15, 2001, to the Township showing the proposed layout of a heliport garage and requesting a variance from Section 902(b)(9) and (10) of the Zoning Ordinance relating to accessory structures so that he could construct the oversized garage in a residential zoning district. At a September 19, 2001 hearing, the Zoning Board heard testimony from Kuszyk regarding construction of the garage, the frequency and times when he would fly the helicopter and the reason for his variance request. Several neighbors attended the hearing and made comments or asked questions regarding the helicopter's storage and operation. Tindall and Wozniak attended the hearing but did not testify. The Zoning Board denied the variance after concluding that there was no hardship to justify the variance when Kuszyk could house his helicopter in a smaller building constructed in accordance with zoning requirements. Kuszyk nevertheless began flying his helicopter sometime during the month of September 2001. On October 4, 2001, after having submitted a building permit application, Kuszyk received a building permit

from the Township and began constructing the garage and taxiway, spending approximately $27,000. Neither the application for a variance nor that for a building permit referred to the operation of the helicopter, instead addressing only construction of the garage, and no request was made for a special exception to permit the operation of a helicopter.

At its December 3, 2001 meeting, the Board of Supervisors of the Township, acting on a complaint and upon an opinion by the Township solicitor, directed that Kuszyk be ordered to cease the operation of his helicopter. By letter from Wozniak dated December 7, 2001, Kuszyk was directed to cease flying his helicopter because it was not a permitted use. Kuszyk appealed to the Zoning Board, asserting that he was entitled to the continued use of his helicopter, alternatively, as a vested right, as a permissible accessory use of his residence or as a special exception for recreational use. At hearings in February and April 2002, the Zoning Board heard additional testimony from Kuszyk regarding his use of the helicopter, noise and safety considerations and comments from various Township residents for and against the appeal. On April 24, 2002, the Zoning Board met in public session to consider Kuszyk's appeal, and by a vote of 3–2 it denied Kuszyk's appeal and upheld the zoning officer's cease and desist order. A written decision and order was issued in May 2002.

Kuszyk appealed to the court of common pleas, which affirmed the Zoning Board's decision.[3] In its accompanying opinion,

2. Kuszyk had previously obtained a license from the Pennsylvania Department of Transportation, Bureau of Aviation, to operate a private heliport. The FAA requires the installation and inspection of a helipad prior to certifying a property as a private heliport; consequently, Kuszyk installed the helipad

prior to submitting his application to build the heliport garage and taxiway. The helipad is a flat landing area fifty feet in diameter.

3. The trial court took no additional evidence, and this Court's review therefore is limited to determining whether the zoning board com-

the court first concluded that the fact that Zoning Board member Alfred Greenawalt was the spouse of a Township Supervisor did not constitute such an appearance of bias that Greenawalt should have been disqualified from participating in Kuszyk's appeal. Moreover, Kuszyk offered no allegations that Greenawalt had any interest, bias or prejudice in the case or that his decision was influenced by his spouse. The court distinguished the situation in *Katruska v. Department of Education,* 727 A.2d 612 (Pa.Cmwlth.1999), *rev'd on other grounds sub nom, Katruska v. Bethlehem Center School Dist.,* 564 Pa. 276, 767 A.2d 1051 (2001), noting that *Katruska* involved a school employee who was the wife of a school board member and who provided testimony against a principal at a board hearing to determine the performance level of the principal. The Court held that the evidence was sufficient to disqualify the school board member. Citing *Giant Food Stores, Inc. v. Zoning Hearing Board of Whitehall Township,* 93 Pa. Cmwlth. 437, 501 A.2d 353 (1985), the trial court here noted that a tie vote would in any event have upheld the cease and desist order.

On the substantive issues, the trial court concluded that Kuszyk did not have a vested property right to operate his helicopter from his personal residence pursuant to criteria established in *Petrosky v. Zoning Hearing Board of Upper Chichester Township,* 485 Pa. 501, 402 A.2d 1385 (1979). The court determined that the Township never issued a permit authorizing such use; that Kuszyk was not entitled to operate his helicopter by a special exception for recreational use or as a permitted accessory use to his principal residence; and that he had not met the requirements to obtain

a variance by estoppel. Finally, the court held that the Zoning Board did not violate the Sunshine Act because no evidence exists to demonstrate that the Board took any official action in a closed meeting.

## II

Kuszyk first argues that Greenawalt should have been disqualified from participating in the Zoning Board proceedings because he was married to a Township Supervisor. Kuszyk insists that the marital relationship created an impermissible appearance of bias that violated his due process rights and that with Greenawalt's disqualification the resulting tie vote should be deemed to have maintained the status quo before the Board's decision, i.e., Kuszyk would have continued to operate his helicopter. The Township notes that no evidence exists to show that Greenawalt's spouse participated in any way in Board proceedings, and it contends that the mere existence of Greenawalt's marriage does not support a conclusion that Kuszyk's right to a fair and impartial tribunal was violated.

Relying upon *Giant Food Stores* and subsequent cases noting its reasoning, the Township argues that Greenawalt's disqualification would have had no effect on the outcome because a tie vote would have upheld the cease and desist order. In *Giant Food Stores* the landowner applied for a zoning use variance to build a food supermarket in a residential district. By a 1–1 vote, the zoning hearing board denied the requested variance (the third board member having recused himself). The landowner appealed, arguing that the tie vote constituted a failure by the zoning hearing board to render a decision within the statutory forty-five-day time limit, and

---

mitted an error of law or an abuse of discretion. *Friendship Preservation Group, Inc. v. Zoning Board of Adjustment of Pittsburgh,* 808

A.2d 327 (Pa.Cmwlth.2002), *appeal denied,* 573 Pa. 706, 827 A.2d 431 (2003).

as a result the variance request should be deemed approved. This Court affirmed the trial court's order rejecting the landowner's argument, concluding that "the divided vote of the board has precisely the same effect as a divided vote in an appellate court. It constitutes an affirmance of the denial of the application." *Giant Food Stores*, 93 Pa.Cmwlth. at 440, 501 A.2d at 355.[4]

■ The Court recognizes that due process requires a local governing body in the performance of its quasi-judicial functions to avoid even the appearance of bias or impropriety. *Prin v. Council of Municipality of Monroeville*, 165 Pa.Cmwlth. 519, 645 A.2d 450 (1994). A showing of actual bias is unnecessary in order to assert a cognizable due process claim; the mere potential for bias or the appearance of non-objectivity may be sufficient to constitute a violation of that right. *Newtown Township Board of Supervisors v. Greater Media Radio Co.*, 138 Pa.Cmwlth. 157, 587 A.2d 841 (1991). In some circumstances, Greenawalt's marriage to a Township Supervisor, one member of the body that Kuszyk characterizes as "prosecuting" the cease and desist order, might be sufficient to find an appearance of impropriety. However, as the trial court indicated, Kuszyk fails to offer any allegations of bias or improper influence on the part of Greenawalt, who at the Zoning Board's April 24, 2002 meeting expressly noted that he believed Kuszyk did what he thought was right. In these circumstances, the Court cannot agree that Greenawalt should have been disqualified from participating in the proceedings or that his participation violated Kuszyk's right to a fair and impartial tribunal.

■ Assuming *arguendo* that Kuszyk is correct that Greenawalt should have been disqualified, the Court nonetheless agrees with the proposition that the remaining 2–2 tie vote would not have changed the outcome of Kuszyk's appeal under the holding in *Giant Food Stores*. It is now well settled that, absent a statutory or regulatory provision to the contrary, when an administrative body is equally divided on the outcome of a matter before the body, the tie vote acts as a denial of the requested relief and the subject matter under consideration must remain in status quo. *See Timothy F. Pasch, Inc. v. Springettsbury Township Board of Supervisors*, 825 A.2d 719 (Pa.Cmwlth.2003); *Crossgates, Inc. v. Board of Commissioners of Public Grounds and Buildings*, 145 Pa. Cmwlth. 339, 603 A.2d 276 (1992); *Giant Food Stores*.[5]

In the proceedings before the Zoning Board, Kuszyk was requesting relief from the zoning officer's decision and enforcement notice that the operation of his helicopter was not a permitted use in the district. A tie vote of the Board would not have disturbed that decision, and the Court rejects any arguments to the contrary. Kuszyk nevertheless contends that *Giant Food Stores* is inapplicable because the issue before the Board here involved the enforceability of a cease and desist order rather than a request for a zoning variance or use decision, and when the cease and desist order could not be en-

4. *See also Young v. Department of Environmental Resources*, 144 Pa.Cmwlth. 16, 600 A.2d 667 (1991); *Danwell Corp. v. Zoning Hearing Board of Plymouth Township*, 108 Pa.Cmwlth. 531, 529 A.2d 1215 (1987).

5. *Compare Timothy F. Pasch, Inc., Crossgates, Inc. and Giant Food Stores with Young v. Department of Environmental Resources*, 144 Pa.Cmwlth. 16, 600 A.2d 667 (1991) (tie vote of State Board for Certification of Sewage Enforcement Officers was not a decision affirming a DER notice of certification revocation, because regulation at 25 Pa.Code § 72.58 requires majority vote to uphold revocation).

forced because the Township could not prove a violation due to the tie vote, Kuszyk had the right to continue operating his helicopter. Kuszyk offers no case authority to support his contentions, which the Court concludes have no support in case or statutory law.

■ Kuszyk's second argument is that he acquired a vested right to continue to fly his helicopter under criteria set forth in *Petrosky* and subsequent cases.[6] Despite Kuszyk's lengthy arguments on this point, the Court agrees with the trial court's observation that because Kuszyk did not have a permit authorizing him to fly his helicopter he cannot assert a vested right acquired by such permit. Although at the Zoning Board's September 2001 hearing Kuszyk's plans to operate the helicopter were made known and he was questioned regarding that use, the Board chairperson stated that the only issue was Kuszyk's request for a variance regarding construction of the garage. Because Kuszyk failed to satisfy the threshold requirement under the *Petrosky* analysis, the Court cannot conclude that he had a vested right to fly his helicopter from his residence. *Hitz v. Zoning Hearing Board of South Annville Township*, 734 A.2d 60 (Pa.Cmwlth.1999).[7]

■ Kuszyk's third argument is that he is entitled to use his helicopter as a permitted accessory use to the principal residential use of his land. *See* Section 401(b)(3), (b)(5) of the Zoning Ordinance. The Ordinance defines "accessory use" as "[a] subordinate use of a portion of a lot which is customarily incidental to the main or principal use of land or of a building on a lot." *Id.*, Section 202(b). However, as the Zoning Board found that flying a helicopter from a single-family residence is neither a customary nor incidental use, and as the Board's interpretation of the Ordinance is entitled to some deference, the Court cannot say that the Board's determination on this issue constitutes an abuse of discretion or an error of law. *See Lee v. Zoning Hearing Board of Stroud Township*, 811 A.2d 1123 (Pa.Cmwlth.2002) (noting that a zoning board's interpretation of zoning ordinance is entitled to substantial deference).

■ Kuszyk next argues that use of his helicopter should be permitted under the doctrine of variance by estoppel. When considering a request for a variance by estoppel, a tribunal should consider the following factors: (1) a long period of municipal failure to enforce the zoning law when the municipality knew of the illegal

6. In *Petrosky* the Supreme Court adopted five factors to be considered when determining whether a property owner had acquired a vested property right in an erroneously issued permit: (1) the property owner's due diligence in attempting to comply with the law; (2) the property owner's good faith throughout the proceedings; (3) the expenditure of substantial unrecoverable funds; (4) the expiration of the period during which an appeal could have been taken from the issuance of the permit; and (5) the insufficiency of evidence to prove that individual property rights or public health, safety or welfare would be adversely affected by use of the permit.

7. The Court most recently considered the vested right issue in *East Hempfield Township*

*v. Brubaker*, 828 A.2d 1184 (Pa.Cmwlth.2003), raised by counsel during oral argument, wherein the Court concluded that the landowner had acquired a vested right to construct and use a communications tower erroneously approved by the township. That case is distinguishable from the case at hand, most importantly in that before construction commenced, Brubaker applied for and received a building permit authorizing the construction and use that the township later attempted to nullify by revoking the building permit. Thus, *East Hempfield Township* does nothing to modify the rule, followed here, that a vested right to a property use cannot be asserted unless it is based upon a previously issued permit or certificate.

use in conjunction with an acquiescence in the illegal use; (2) whether the landowner acted in good faith and relied innocently upon the validity of the use; (3) whether the landowner made substantial expenditures upon his belief that the use was permitted; and (4) whether denying the variance would impose an unnecessary hardship on the landowner. *Skarvelis v. Zoning Hearing Board of Borough of Dormont*, 679 A.2d 278 (Pa.Cmwlth.1996). Kuszyk's argument fails on the first factor: Kuszyk began flying his helicopter in September 2001 and the zoning officer issued the cease and desist notice on December 7, 2001. As the trial court aptly stated, that time period cannot be characterized as a long period of municipal failure to enforce the zoning law. The court thus properly concluded that the Zoning Board was justified in rejecting the variance by estoppel claim.

■ Kuszyk further claims entitlement to the operation of his helicopter as a permitted use by special exception, citing Section 401(d)(5) of the Ordinance:

*Uses Permitted by Special Exception.* The following, as a principal use, their accessory uses, and no other are permitted in the Rural Conservation District when a special exception is granted. . . .

. . . .

(5) Recreation uses, including parks (except amusement parks), playgrounds, picnic grounds, horse riding trails and stables, golf courses (except miniature golf courses), swimming areas and pools, hiking trails, boating, fishing, camping and hunting. . . .

The Township interprets Section 401(d) as allowing recreational use of the types listed as a *principal* use of the property and that the *accessory* uses referred to are accessory uses to the principal recreational use. The operation of a helicopter is not the principal use of Kuszyk's property. As the Township's interpretation does not contradict the plain language of Section 401(d), it is entitled to substantial deference.[8] *Lee.* Accordingly, because the Zoning Board committed no error of law or abuse of discretion, the Court affirms the order of the trial court.

*ORDER*

AND NOW, this 22nd day of October, 2003, the final decree of the Court of Common Pleas of Berks County is affirmed.

8. Kuszyk's last argument is that the Zoning Board violated the Sunshine Act when it discussed this case at a non-public, executive session. The Court does not discern a sufficient reason to vacate the Board's decision inasmuch as nothing in the record suggests that the Board took any official action during executive session or that the April 2002 public meeting merely "rubber stamped" a decision that had already been made. There was extensive public discussion on the merits of the appeal, and the meeting was open to the public and continued the debate.

*Compare Kennedy v. Upper Milford Township Zoning Hearing Board*, 779 A.2d 1257 (Pa.Cmwlth.2001) (decision made in executive session could not be cured by formal vote in public session when issues were settled and no provision made for public comment), *appeal granted*, 572 Pa. 714, 813 A.2d 846 (2002), *with Ackerman v. Upper Mount Bethel Township*, 130 Pa.Cmwlth. 254, 567 A.2d 1116 (1989) (despite deliberations conducted in private session, court declined to invalidate final decision at later public meeting which allowed discussion and public debate).