IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Bird, : 
          Appellant : 
  : 
     v. : No. 795 C.D. 2023
  : 
Zoning Hearing Board of the : Submitted: June 4, 2024
Municipality of Bethel Park, : 
Roger Kurtz, Stella Cafaro, : 
and Mandy Horne : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE McCULLOUGH                      FILED: July 12, 2024

Appellant Jennifer Bird (Bird) appeals from the June 20, 2023 order entered by the Court of Common Pleas of Allegheny County (trial court), which denied Bird's appeal from the December 5, 2022 decision of the Zoning Hearing Board of the Municipality of Bethel Park (ZHB). In its decision, the ZHB denied Bird's application for a use variance to continue operating a dog rescue facility out of her home in Bethel Park, Allegheny County, Pennsylvania (Bethel Park). Upon review, we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

The facts pertinent to this appeal are taken from the findings made by the ZHB as supplemented, where necessary, by the evidence of record. Bird resides at 5815 Kings School Road, Bethel Park (Property). (ZHB Finding of Fact (FOF) 1; Reproduced Record (R.R.) at 117a.) The Property is a single-family residence zoned in the R-3 One-Family Dwelling Zoning District (R-3 District) pursuant to the Municipality of Bethel Park Zoning Ordinance (Ordinance).[1] (FOF 2-3; R.R. at 117a.)

---

[1] Municipality of Bethel Park, Pa., Zoning Ordinance § 69.9.1 (1966), *as amended*, *available at* https://ecode360.com/29463538#29463538 (last visited July 11, 2024). The R-3 District is, at

**(Footnote continued on next page…)**

In 2008, Bird established a non-profit entity named FurKid Animal Rescue (FurKid), and thereafter began operating an indoor facility for rescue animals in her residence. (FOF 5; R.R. at 117a.) FurKid takes in between 200 to 400 dogs per year, and when not being exercised in the Property's fenced-in backyard, the dogs are kept inside Bird's residence. (FOF 6, 11, 17; R.R. at 117a-18a.) Since 2013, FurKid has possessed a valid, state-issued "rescue kennel network" license (State License), which requires that the Property be inspected two times per year. (FOF 12, 13, 15; R.R. at 118a.) The State License does not permit boarding, and FurKid is not open to the public.[2] (FOF 15-16; R.R. at 118a.)

On or about July 28, 2022, Bird was cited by the Bethel Park zoning officer (Zoning Officer) for having 31 dogs in her home without a Bethel Park kennel license (Citation) in violation of Section 30.5.1 of the Bethel Park Code[3] (Code) (FOF 7; R.R. at 117a.) Section 30.5.1 of the Code provides, in pertinent part, as follows:

> Any person, firm, association or corporation which customarily has in its custody four or more pets (except for cats where the number shall be six or more) over the age of six months is hereby declared to be a person, firm, association or corporation engaged in the business or occupation of running a kennel and all such persons, firms, associations or corporations so engaged shall be required on or before the first day of June of this year and on or before

---

times, referred to in the record as the "R-3 Residential District." The Ordinance, however, designates it as the "R-3 One-Family Dwelling Zoning District." *Id.* We note that the pertinent provisions of the Ordinance are not included in the Original or Reproduced Records.

[2] Bird testified before the ZHB that she must re-apply for the State License each year and keep careful records of each animal that enters and exits the facility.

[3] Municipality of Bethel Park, Pa., Code (1993), *available at* https://ecode360.com/29453473 (last visited July 11, 2024).

2

the 15th day of January of each succeeding year hereafter to procure a kennel license.

(Code, § 30.5.1.) Relatedly, Section 69.19.1(21) of the Ordinance prohibits "dog kennels" throughout Bethel Park "except as part of a farm." (Ordinance, § 69.19.1(21).) "Farm" is defined in Section 69.8.58 of the Ordinance as "[a] tract of land under one ownership or forming a single property not less than five acres in area," which "may include a private housing for animals not less than 200 feet distant from any adjacent property line." (Ordinance, § 69.8.58.) Farms are permitted uses in the R-3 District. (Ordinance, § 69.25.1.) It is undisputed that, at the time the Citation was issued, Bird did not possess a kennel license issued by Bethel Park. It also is undisputed that the Property contains less than five acres. (FOF 35; R.R. at 121a.)

Bird did not appeal the Citation. Instead, on September 29, 2022, she filed with the ZHB an application for a "[u]se [v]ariance to permit a kennel in the R-3 [ ] District." (R.R. at 1a.) Bird indicated in the application that she was "[r]equesting a variance to operate a kennel at [her] residence located at 5815 Kings School R[oad]" because "[c]urrently, kennels are not a permitted use in the R-3 [ ] District." *Id.* The ZHB held a hearing on December 5, 2022, at which Bird appeared *pro se.* At the time of the hearing, approximately 25 dogs were housed on the Property. (FOF 10; R.R. at 118a.) Several individuals, including a Pennsylvania state dog warden, appeared at the hearing and testified in favor of the variance. (FOF 14, 18-21; R.R. at 118a-19a.) Three neighboring property owners appeared and testified in opposition to the variance. (FOF 22-29; R.R. at 119a-20a.) At no time during the hearing did Bird argue that FurKid was not a "dog kennel" or "kennel" under the Ordinance or that the Ordinance was impermissibly exclusionary or vague.

At the conclusion of the hearing, the ZHB chairman moved to approve the variance with certain conditions, namely, that (1) approval be limited to a rescue kennel

3

for no more than 25 animals at any given time; (2) only dogs and cats would be permitted on the Property; (3) boarding and daycare would be prohibited; and (4) a privacy fence would be installed. (FOF 30; R.R. at 120a.) Of the four ZHB members present at the hearing, two voted in favor of granting the variance with the proposed conditions, and two voted against granting the variance, resulting in a denial.[4] (FOF 32; R.R. at 120a.) The ZHB shortly thereafter issued a written decision containing findings of fact and conclusions of law in which it determined that Bird did not meet all of the requirements for a variance as set forth in the Ordinance.[5] The ZHB

---

[4] *See Kuszyk v. Zoning Hearing Board of Amity Township*, 834 A.2d 661, 665 (Pa. Cmwlth. 2003) ("It is now well settled that, absent a statutory or regulatory provision to the contrary, when an administrative body is equally divided on the outcome of a matter before the body, the tie vote acts as a denial of the requested relief and the subject matter under consideration must remain in status quo.") (citations omitted).

[5] Section 69.66.2 of the Ordinance provides that the ZHB "shall hear requests for variances as prescribed by the [Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10101-11202]." (Ordinance, § 69.66.2.) Section 910.2(a) of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a), provides, in pertinent part, as follows:

> (a) The [ZHB] shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. . . . The [ZHB] may grant a variance, provided that all of the following findings are made where relevant in a given case:

> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

**(Footnote continued on next page…)**

concluded that (1) Bird failed to demonstrate that the physical conditions of the Property created an unnecessary hardship; (2) Bird could develop the Property for a permitted use and, in fact, was using the Property as a single-family residence; (3) Bird failed to demonstrate that permitting a dog kennel on the Property is the least modification feasible for the Property; and (4) Bird failed to demonstrate that the proposed kennel would not alter the character of the neighborhood or be detrimental to the public welfare. (ZHB Conclusions of Law (COL) 6-14; R.R. at 122a-23a.) The ZHB further concluded that Bird did not establish that she had a vested right to operate a dog kennel on the Property or that she was entitled to a variance by estoppel. (COL 16-17; R.R. at 123a.)

Bird filed a counseled appeal to the trial court on January 5, 2023. In her notice of appeal, Bird (1) challenged several procedural irregularities before the ZHB; (2) argued that the term "kennel" in the Ordinance was undefined and vague and, in any event, did not apply to FurKid; and (3) argued that she was entitled to a variance by estoppel. (R.R. at 134a-39a.) The trial court did not receive additional evidence

(3) That such unnecessary hardship has not been created by the [applicant].

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2.

and heard oral argument on May 30, 2023.[6] On June 20, 2023, the trial court entered an order affirming the ZHB's decision and denying Bird's appeal. In its accompanying opinion, the trial court noted that its scope of review was limited to determining whether the ZHB had erred as a matter of law or abused its discretion. (Trial Court Op. at 3). It then reviewed the applicable standards for granting a variance and concluded that the ZHB's findings were supported by substantial evidence in the record. *Id.* at 3. The trial court further concluded that Bird was not entitled to a variance by estoppel because she did not establish that Bethel Park had "actively acquiesced" in her use of the Property as a rescue kennel. *Id.* at 4-5. The trial court lastly concluded that Bird's procedural challenges were without merit. *Id.* at 5.

Bird now appeals to this Court.

## II.    QUESTIONS PRESENTED

The trial court did not direct the filing of a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Errors Complained of on Appeal, and Bird did not file one. In her brief, Bird raises several issues, which we fairly can combine and summarize as follows: (1) whether the trial court abused its discretion in determining that FurKid is a "kennel" despite that the term is not defined in the Ordinance and, to the extent that it is defined, it does not apply to FurKid; (2) whether the trial court abused its discretion in determining that FurKid is a "kennel" based on pertinent provisions of the Dog Law;[7] and (3) whether the trial court abused its discretion in failing to interpret the Ordinance in Bird's favor.

---

[6] Appellees Roger Kurtz, Stella Cafaro, and Mandy Horne are owners of properties in proximity to FurKid who appeared before the ZHB and opposed the variance. They subsequently intervened in the proceedings in the trial court.

[7] Act of December 7, 1982, P.L. 784, *as amended*, 3 P.S. §§ 459-101– 459-1206.

## III.  **DISCUSSION**[8]

Before we reach the merits of Bird's issues, we must determine whether any are properly before us.  The proceedings before the ZHB were initiated by Bird's filing of an application for a use variance to operate a dog kennel on the Property.  Bird did not appeal the Citation, file an application with Bethel Park for a dog kennel license, or challenge the validity of the Ordinance on the grounds that it is impermissibly exclusionary, vague, or otherwise infirm.  Nor did Bird request in her application or at the hearing before the ZHB an adjudicative interpretation of the term "dog kennel" or "kennel."  Rather, she requested a *variance* to operate a kennel in the R-3 District because the Property undisputedly does not qualify as a "farm," the only place where kennels are permitted.  Thus, the only issue before the ZHB was whether Bird could satisfy the requirements under the Ordinance and the MPC for a use variance.  The ZHB denied the application, concluding that Bird had failed to satisfy several variance prerequisites, chief among them that the Ordinance does not create an undue hardship on Bird's use of the Property as zoned.  The meaning and application of the term "kennel" was not before the ZHB, and it properly made no findings or conclusions in that regard.

Moreover, even had the ZHB interpreted the term "kennel" to determine whether it applied to FurKid, such an interpretation would have been an impermissible advisory opinion.  Zoning hearing boards are administrative agencies created by the General Assembly with only those limited powers expressly conferred by the General

---

[8] Where, as here, a trial court does not take additional evidence in disposing of a zoning appeal, our review is limited to determining whether a zoning hearing board abused its discretion or erred as a matter of law.  *425 Property Association of Alpha Chi Rho, Inc. v. State College Borough Zoning Hearing Board*, 223 A.3d 300, 306 n.3 (Pa. Cmwlth. 2019).  A zoning hearing board abuses its discretion where it issues findings of fact not supported by substantial evidence in the record.  *In re Bartkowski Investment Group, Inc.*, 106 A.3d 230, 237-38 (Pa. Cmwlth. 2014).

Assembly. *Joe Darrah, Inc. v. Zoning Hearing Board of Spring Garden Township*, 928 A.2d 443, 446 (Pa. Cmwlth. 2007); *see also* Section 909.1(a) of the MPC,[9] 53 P.S. § 10909.1(a) (zoning hearing boards are charged with adjudicating the validity of a zoning ordinance, deciding appeals from decisions of zoning officers, and deciding applications for variances or special exceptions). A zoning hearing board therefore cannot render an advisory opinion regarding the interpretation of an ordinance or the legality of a use, and any discussion by a zoning hearing board of issues not properly before it is dicta. *In re: Chester County Outdoor, LLC*, 64 A.3d 1148, 1151-52 (Pa. Cmwlth. 2013). Here, because Bird specifically applied for a use variance to operate a "kennel" on the Property, the ZHB did not have before it any request to interpret or define the term and/or determine whether it applies to FurKid.[10]

In her appeal to the trial court, Bird argued, for the first time, that her Property was not a "kennel" under the Ordinance and that she was entitled to a variance by estoppel. It is well settled that in zoning cases, issues must be preserved before the zoning hearing board for an appellant to pursue those issues in an appeal to a trial court. *Whitpain Township Zoning Hearing Board*, 709 A.2d 999, 1001 (Pa. Cmwlth. 1998). Although Section 1005-A of the MPC,[11] 53 P.S. § 11005-A, permits a trial court, in its discretion, to receive additional evidence in a zoning appeal, that section does not permit an appellant to raise new issues in the trial court that were not before the zoning hearing board absent due cause. *Id.* Due cause might exist, for example, where an

_____

[9] Added by the Act of December 21, 1988, P.L. 1329.

[10] We reiterate that Bird did not appeal the Citation, which appeal would have been an appropriate proceeding in which to argue that FurKid is not a "kennel" and, therefore, is not subject to the licensing requirements of Section 30.5.1 of the Code.

[11] Added by the Act of December 21, 1988, P.L. 1329.

8

appellant was prevented from raising particular issues before the zoning hearing board. *Id.* Here, Bird has not established due cause as to why she should have been permitted to raise in the trial court new issues regarding the meaning of "kennel" and whether FurKid is one. The trial court appropriately did not address those questions because they were not before it.[12]

In sum, given that all of the questions Bird presents in this appeal regarding the interpretation, application, and/or ambiguity of the term "kennel" in the Ordinance were not before either the ZHB or the trial court, we may not consider them here in the first instance. Further, and tellingly, in her brief to this Court, Bird does not mention, cite to, or discuss the standards applicable to her variance request, and she abandons any arguments regarding the alleged procedural defects before the ZHB and her variance by estoppel theory. Those issues accordingly are waived. *See* Pa.R.A.P. 2116(a), 2119(a); *Sutton v. Pennsylvania State Police*, 304 A.3d 792, 797 n.10 (Pa. Cmwlth. 2023).

## IV.   CONCLUSION

All issues raised in Bird's appeal are either not properly before this Court or are waived. We accordingly affirm the trial court's order.

_____
PATRICIA A. McCULLOUGH, Judge

---

[12]   Bird argues in her brief that the trial court merely "assumed" that FurKid is a dog kennel and did not otherwise analyze or decide the issue. (Bird's Br. at 15-17.) Again, the trial court properly did not address the issue because it was not raised before the ZHB.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Bird,  :
               Appellant  :
                 :
        v.  :   No. 795 C.D. 2023
                 :
Zoning Hearing Board of the  :
Municipality of Bethel Park,  :
Roger Kurtz, Stella Cafaro,  :
and Mandy Horne  :

## *<u>ORDER</u>*

AND NOW, this 12th day of July, 2024, the June 20, 2023 order of the Court of Common Pleas of Allegheny County is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge