Roger Petrone, Frank F. Leoni and Robert R. Young, t/a Beaver Creek Enterprises, Appellants *v.* Board of Commissioners of Swatara Township, Dauphin County, Pennsylvania, Appellee.

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas A. Beckley,* with him *Craig W. Bremer* and *Beckley & Grove,* for appellants.

*James W. Reynolds,* with him *David A. Wion,* and *Reynolds, Bihl* and *Schaffner,* for appellee.

OPINION BY JUDGE MENCER, December 22, 1975:

Roger Petrone, Frank F. Leoni, and Robert R. Young, trading as Beaver Creek Enterprises (appellants), and the Board of Commissioners of Swatara Township, Dauphin County (appellee), have brought before this Court a question of first impression, the resolution of which renders moot all of the other issues raised in this appeal. In essence, they ask whether the 4-4 split vote of the Board of Commissioners constituted a timely denial of approval of appellants' development plan. We hold that it does not and therefore limit our discussion to the reasoning behind this conclusion of law and the simple application of the same to the status of appellants' plan.

Pertinent to our discussion is Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §10508, which provides in part:

"All applications for approval of a plat . . . shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency *shall render its decision* and communicate it to the applicant not later than ninety days after such application is filed.

. . . .

"(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented. . . ." (Emphasis added.)

The question before us is whether the 4-4 split vote meets the definition of a "decision" as envisioned by this statutory provision. Since there is no definition of "decision" in the MPC, and the word is one in common usage, we must utilize its common meaning. Statutory Construction Act of 1972, 1 Pa. C.S. §1903(a).

We therefore give consideration to the *Random House Dictionary of the English Language* (2d ed. 1968) which defines "decision" as follows: "[T]he act of deciding . . . by making a judgment. . . . [A] judgment, as one formally pronounced by a court. . . . [T]he act of making up one's mind. . . ." To "decide" is similarly defined: "[T]o determine or settle (a question, controversy, or struggle) by giving victory to one side. . . . [T]o adjust or settle (anything in dispute or doubt). . . ."

The split vote of the Board of Commissioners cannot be considered a decision within this interpretive structure. Nothing has been settled, no victory has been won by either side, and the Board has clearly failed to make up its collective mind. Simply, there has been no decision. Cf. *Summers v. Kramer*, 271 Pa. 189 114 A. 525 (1921).

The applicant here sought a positive and definitive determination and such could have only been achieved by the unanimous or majority vote of the Board of Com-

missioners. *Compare Nunamaker v. New Alexandria Bus Company,* 371 Pa. 28, 88 A.2d 697 (1952).

In addition, we would note that if the 4-4 split vote was a decision not to approve the application, as contended by appellee, then Section 508(2) of the MPC, 53 P.S. §10508(a) has not been complied with in this case. Section 508(2) provides:

> "When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon."

Since there has never been a decision, as required by the MPC, on the appellants' application we must then necessarily invoke Section 508(3) of the MPC and therefore consider the proposed plat approved in its terms as presented. *Joseph A. Puleo & Sons, Inc. v. Borough Council of Phoenixville,* 7 Pa. Commonwealth Ct. 248, 298 A. 2d 658 (1973).

We therefore issue the following

ORDER

AND NOW, this 22nd day of December, 1975, the order of the Court of Common Pleas of Dauphin County is reversed, and the case is remanded to that court for entry of an order directing the Building Inspector of Swatara Township to approve the issuance of a building permit in conformance with appellants' plan which was the subject of the Board's equally divided vote, upon compliance with all requirements of the zoning ordinance and any building code or other applicable regulations in effect on the date of the appellants' application for a building permit.

President Judge BOWMAN and Judge WILKINSON dissent.