Carl R. Enck, Appellant *v.* David R. Anderson, Lititz Borough Manager and Building Inspector, Appellee.

Argued December 4, 1975, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*William E. Chillas,* with him *May, Grove, Stork & Blakinger,* for appellant.

*William C. Crosswell,* with him *Roda, Morgan, Hallgren & Heinly,* for appellee.

OPINION BY JUDGE ROGERS, June 25, 1976:

The appellant, Carl R. Enck, applied to the Zoning Hearing Board of Lititz Borough for approval of the change from one nonconforming use to another of a building owned by him and located in the Borough. The Zoning Hearing Board conducted two hearings on Enck's application. When the taking of evidence had been completed at the second hearing, the Board recessed for ten minutes for private deliberation. It then returned to the meeting room and the Chairman of the Board announced that the Board had concluded that Enck's application should be denied. The Board

then formally and by unanimous vote approved a motion to this effect. The Zoning Hearing Board sent Enck a written decision denying the application on the day following its second hearing.

Enck filed a timely appeal from the Board's decision in the Court of Common Pleas of Lancaster County, pursuant to Sections 1007 and 1008 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§11007, 11008. This matter is apparently still pending.

More than forty-five days after the Zoning Hearing Board rendered its decision, Enck applied to the Borough Zoning Officer for a building and occupancy permit to use his property as he had proposed in his application to the Zoning Hearing Board. When this application was refused, Enck filed a complaint in mandamus seeking the court's order that the Zoning Officer issue the building and occupancy permit. His theory in the mandamus suit is that the action of the Zoning Hearing Board in going into recess was a violation of the Act of July 19, 1974, P.L. 486, 65 P.S. §261 et seq. (popularly known as the Sunshine Law[1]); that Section 2 of the Sunshine Law, 65 P.S. §262, states that no formal action of an agency shall be valid unless taken during a public meeting; that since the Board decided to deny his application during a recess, that decision, the Board's later vote and its written decision were all void; and that the Board therefore had failed to render a decision within forty-five days after its second and final hearing with the effect, pursuant to Section 908(9) of the MPC, 53 P.S. §10908(9), that the Board's decision should be deemed to have been rendered in his favor.

---

[1] The Sunshine Law became effective after the Board's first hearing and about three weeks before the second.

The Board filed preliminary objections, including one in the nature of a demurrer asserting that Enck had (and had invoked) the specific, complete and adequate legal remedy of appeal from the Board's decision, and another in the nature of a petition raising the defense of the pendency of the zoning appeal as a prior action. The matter was argued and considered by the court below on the demurrer and on Enck's motion for summary judgment. The lower court sustained the preliminary objections and dismissed the complaint. Enck has appealed. We affirm.

The only authority cited by Enck for the proposition that he was entitled to relief in mandamus, although he had available and had filed a zoning appeal is that of *Foltz v. Monroeville,* 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972). In *Foltz,* the Zoning Hearing Board failed to render any decision within forty-five days. After forty-five days had elapsed from its last hearing, the Board adopted a resolution denying the landowner's application. The landowner filed a zoning appeal. It also filed suit in mandamus, invoking the "deemed approval" provision of Section 908(9) of the MPC, 53 P.S. §10908 (9). We held, following *Humble Oil v. East Lansdowne Borough,* 424 Pa. 309, 227 A.2d 664 (1967), that Section 908(9) created a conclusive presumption of approval by a Board which failed to act within the time prescribed and that mandamus was therefore available as a remedy to the landowners. The facts of the instant case are crucially different. The Lititz Borough Zoning Hearing Board made a timely decision, as Enck's complaint in mandamus, although describing the decision as "purported," reveals. The Sunshine Law declares that "no formal action shall be valid unless such formal action is taken during a

public meeting''[2]; it does not declare that such action so taken is no action at all. The holding in *Foltz* is to be confined to its facts—that mandamus will lie where it is alleged the Zoning Hearing Board has made no decision within forty-five days after its last hearing; it is not authority for testing in mandamus the validity of a decision admittedly timely made, on the ground of an alleged violation of the Sunshine Law or for other nonsubstantive reasons, of which the asserted lack of a quorum or failure to give proper hearing notice are examples which come immediately to mind.

The lower court ably analyzed the merits of Enck's thesis and concluded that hearings and deliberations of Zoning Hearing Boards are within the Sunshine Law's exclusion[3] from the provisions of meetings of the judicial branch. We decline to decide this issue because to do so would provide some precedent for testing the validity of timely Zoning Hearing Board decisions in mandamus.

Order affirmed.

---

[2] At Section 2, 53 P.S. §262.
[3] At Section 1, 53 P.S. §261.