Giant Food Stores, Inc., Appellant *v.* Zoning Hearing Board of Whitehall Township and John W. Brosius, Zoning Officer, Appellees.

Argued November 14, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Mark Malkames,* with him, *William G. Malkames,* for appellant.

*Jeffrey B. Matzkin,* for appellees.

OPINION BY JUDGE CRAIG, December 11, 1985:

Where the two voting members of a zoning hearing board cast a divided one-to-one vote with respect to

a request for a zoning use variance, has the board made a decision and, if so, does the decision constitute a denial of the requested variance?

In accordance with the settled principle that a tribunal's divided vote confirms the status quo, this court's conclusion is that a zoning hearing board's one-to-one vote has the legal effect of denying the variance request.

The landowner in this case, Giant Foods, Inc., applied to construct a food supermarket and a small shopping center on property in Whitehall Township, Lehigh County, zoned as an R-1 Residential District. Because the proposal was not a permitted use in that district, the zoning officer referred Giant to the Zoning Hearing Board of Whitehall Township. Giant applied to the board for a use variance, describing it as a validity variance to which the applicant was entitled because the surrounding commercial development left the property with only distress value for residential purposes; Giant's application alleged that the zoning ordinance was therefore confiscatory and invalid.

There is no doubt that the variance application to the board was a proper procedure in view of the claim made. *Zoning Hearing Board of Willistown v. Lenox Homes, Inc.*, 64 Pa. Commonwealth Ct. 74, 439 A.2d 218 (1982); *Robin Corp. v. Board of Supervisors,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975).

The board held its hearing on the application on March 15, 1983. At its next meeting, the board—with only two members in office at that time—took no action. At a subsequent meeting, one of the then three members of the board properly declined to vote because he had appeared at the first hearing in the capacity of an objector to the request. According to the minutes, one of the remaining members voted to grant the requested variance, and the other member voted

against the variance; although the minutes describe their respective actions as both motions and votes, the two members expressed themselves as voting their respective positions. Two days thereafter, on May 12, 1983, the zoning officer issued a letter to Giant describing the split vote as a denial of the variance request.

From that expression of a denial, Giant filed a timely zoning appeal in the Court of Common Pleas of Lehigh County. The common pleas court remanded that zoning appeal—which is not directly involved in this proceeding—back to the zoning hearing board for the making of findings.

On June 3, 1983, Giant filed in the same court of common pleas a mandamus complaint against the board and the zoning officer asking the court to mandate a deemed approval of its zoning variance request, on the ground that the divided vote constituted a failure of the board to make a decision within the forty-five day time limit after hearing, specified in section 908(9) of the Pennsylvania Municipalities Planning Code.[1] Recognizing a fifteen-day extension of the forty-five day statutory period, which its attorney had allowed by stipulation, Giant contended that the total of sixty days, counted from March 15, had expired in the middle of May.

Clearly, the earlier-filed statutory zoning appeal constituted no bar, either by way of exclusive remedy or estoppel or waiver, to Giant's pursuit of a deemed approval by mandamus. *Foltz, Jr. v. Monroeville,* 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972).

Judge DIEFENDERFER, for the trial court, after briefs and argument, entered an order refusing to issue a peremptory mandamus order, on the ground that, as a matter of law, the tie vote of the zoning hearing

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9).

board constituted a negative decision, refusing the variance, rather than the absence of a decision triggering a deemed approval under the MPC.

Judge DIEFENDERFER's decision, which he certified to us as an interlocutory matter deserving appellate consideration under 42 Pa. C. S. §702, was entirely correct. If a zoning hearing board is functioning in an appellate mode with respect to a variance request, taken under consideration by it after a zoning administrator has denied an application according to the zoning ordinance terms, then the divided vote of the board has precisely the same effect as a divided vote in an appellate court. It constitutes an affirmance of the denial of the application. *Windisch v. Babcock & Wilcox Co.*, 412 Pa. 558, 195 A.2d 369 (1963). Even if a validity variance were to be regarded as an original administrative "request" before a zoning hearing board, in the light of the terminology of section 912 of the MPC,[2] a tie vote of an administrative body constitutes a refusal of action requested from it. *Pennsylvania Publications v. Pennsylvania Public Utility Commission*, 152 Pa. Superior Ct. 279, 32 A.2d 40 (1943), *rev'd on other grounds*, 349 Pa. 184, 36 A.2d 777 (1944).

Judge DIEFENDERFER correctly distinguished our decisions in *Petrone v. Board of Commissioners of Swatara Township*, 22 Pa. Commonwealth Ct. 415, 349 A.2d 500 (1975), and *Borough of Youngsville v. Zoning Hearing Board*, 69 Pa. Commonwealth Ct. 282, 450 A.2d 1086 (1982).

With respect to the *Petrone* case, the trial judge soundly pointed out that, even though this court there considered the split vote of a township board of commissioners with respect to a development plan application to be a non-decision warranting deemed approval

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

under section 508(3) of the M.P.C,[3] this court's order nevertheless conditioned the issuance of a building permit upon compliance with all applicable zoning and building code requirements.

*Borough of Youngsville* does not affect the matter because, as the trial judge also rightly noted, our statement in that case, to the effect that a tie vote of a zoning hearing board did not constitute a decision, was dictum not necessary to resolve the appeal.

This court expressly disavows any conclusion that a tie vote of a zoning hearing board constitutes the absence of a decision. Neither *Petrone* nor *Borough of Youngsville* should be understood to imply that an applicant is to receive an undeserved windfall benefit from the well-intended inability of a zoning hearing board to agree when there is an even number of votes available. We adopt the reasoning of the trial judge here, who, with respect to the *Petrone* facts and the *Borough of Youngsville* rationale, stated:

> Certainly the Commonwealth Court did not have in mind that the applicant would be allowed to violate any of the terms of that township's Zoning Ordinance. The Commonwealth Court most certainly did not intend to create a situation whereby, if an applicant appeared before a Zoning Hearing Board with outrageous violations of the Zoning Ordinance, these outrageous violations would be deemed to be approved if there was an evenly split vote. Certainly this rationale would also apply in the Borough of Youngsville case, supra, where the reference to the split vote was by means of dicta.

We also approve the trial judge's adherence to the views of Judge WIEAND, now of the Superior Court, in *Walnut Realty, Inc. v. Zoning Hearing Board*, 37 Leh. L.J. 119 (1976), where Judge WIEAND stated:

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(3).

When a legal or semi-legal tribunal consists of only two members, neither one of them can perform an affirmative act changing, or which may change, an existing condition; for it takes a majority of the whole body to do this, and one is not a majority of two. . . . [W]hen a judicial or semi-judicial body is equally divided, the subject-matter with which it is dealing must remain in status quo. First Congressional Dist. Election, 295 Pa. 1, 12; Creamer v. 12 Common Pleas Judges, 443 Pa. 484, 489. See also: Appeal of Grace Sands, 20 Chest. Co. Rep. 82.

When a zoning tribunal, by an evenly divided vote, refuses to depart from the status quo, the aggrieved party has the benefit of a statutory zoning appeal as a remedy, as exemplified by the precautionary zoning appeal which Giant filed in this case.

Judge DIEFENDERFER's refusal to grant peremptory judgment in mandamus is affirmed.

ORDER

Now, December 11, 1985, the order of the Court of Common Pleas of Lehigh County at 83-C-1572, dated January 4, 1985, is affirmed.

Senior Judge KALISH concurs in the result only.