638 A.2d 332

PENLLYN LANDS, a Pennsylvania
General Partnership, Appellant,

v.

BOARD OF SUPERVISORS OF LOWER
GWYNEDD TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided Feb. 7, 1994.

Carl N. Weiner, for appellant.

James J. Garrity, for appellee.

Norman A. Klinger, for intervenors.

Before DOYLE and COLINS, JJ., and DELLA PORTA, Senior Judge.

16

DELLA PORTA, Senior Judge.

Penllyn Lands (Penllyn), a general partnership, appeals from the order of the Court of Common Pleas of Montgomery County denying its motion for post-trial relief in the action in mandamus against the Board of Supervisors of Lower Gwynedd Township (Board). The issue raised on appeal is whether Penllyn is entitled to a deemed approval of its preliminary land development plan pursuant to Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(3), because the Board's denial of Penllyn's application for approval, although timely made, was not based upon an affirmative vote of the majority of the entire members of the Board, as required by Section 512 of The Second Class Township Code (Township Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65512.

Penllyn owns an approximately thirteen-acre tract of undeveloped land in Lower Gwynedd Township (Township). On November 24, 1986, Penllyn filed an application for approval of its preliminary land development plan with the Township, proposing to construct on the tract a 182–unit apartment complex to be known as "Station Village." Penllyn subsequently revised its plan in January 1987. While the Township reviewed the application and discussed with Penllyn concerning the plan's noncompliance with the various requirements of the Township ordinances, Penllyn extended the ninety-day time period set forth in Section 508 of the MPC, within which the Board was required to render its decision, first until May 19, 1987 and then until June 30, 1987. After the Township Planning Commission recommended the denial of the application on May 28, 1987, Penllyn granted the Board two more extensions. The final extension expired on August 31, 1987.

At the regular meeting on August 18, 1987, a resolution to disapprove Penllyn's application was presented to the Board, which consists of five members, citing various violations of the Township zoning ordinance and subdivision and land develop-

ment ordinance.[1] The chairman of the Board did not attend the meeting, and one member recused herself from both the discussion and the voting on the resolution because she was a member of the same law firm as Penllyn's counsel. The remaining three members, by a two-to-one vote, adopted the resolution denying Penllyn's application. After the Board's timely notice of the decision, Penllyn appealed to the trial court. That statutory appeal is not before this Court for review.

Subsequently, on May 24, 1988, Penllyn filed an action in mandamus seeking a deemed approval of the application in the terms as presented to the Board pursuant to Section 508(3) of the MPC. Penllyn asserted that the Board's denial of the application by an affirmative vote of less than the majority of its entire five members did not comply with Section 512 of the Township Code and that the Board therefore failed to render a decision before the expiration of the final extension of the time period, warranting a deemed approval. Following a bench trial, the trial court dismissed Penllyn's complaint in mandamus and later denied the motion for post-trial relief. Penllyn's appeal to this Court followed.

This Court's scope of review of the dismissal of a complaint in mandamus is limited to determining whether the trial court committed an error of law or an abuse of discretion. *McVay v. City of Washington,* 129 Pa.Commonwealth Ct. 533, 566 A.2d 367 (1989). Mandamus is appropriate to obtain recognition of a deemed approval of a proposed land development plan. *National Development Corp. v. Planning Commission of Township of Harrison,* 64 Pa.Commonwealth Ct. 246, 439 A.2d 1308 (1982). To succeed in an action in mandamus, however, the plaintiff must demonstrate a clear legal right to the relief requested, a corresponding duty in the defendant, and the absence of any other appropriate or adequate remedy. *Equitable Gas Co. v. City of Pittsburgh,* 507

1. Under Section 512 of the Township Code, three members of any board of supervisors consisting of five members shall constitute a quorum, and "an affirmative vote of a majority of the entire board of supervisors shall be necessary in order to transact any business."

Pa. 53, 488 A.2d 270 (1985). Mandamus can never be invoked in a doubtful case. *Id.*

■ Section 508 of the MPC sets forth the time limit and the manner for approving or disapproving land development plans and imposes a sanction for failure to comply with those requirements. Section 508 in pertinent part provides as follows:

> All applications for approval of a plat ... whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall *render its decision* and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed....
>
> ....
>
> (3) Failure of the governing body or agency to *render a decision* and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. (Emphases added.)

Section 508 is designed "to remedy the losses occasioned by the indecision, vague recommendations and protracted deliberations of local governing bodies and to eliminate deliberate or negligent inaction on the part of governing officials." *Mid–County Manor, Inc. v. Haverford Township Board of Commissioners*, 22 Pa.Commonwealth Ct. 149, 157, 348 A.2d 472, 477 (1975). Penllyn contends that the Board failed to "render a decision" under Section 508(3) of the MPC because its denial of the application is in violation of Section 512 of the Township Code and therefore a nullity.

In *Enck v. Anderson,* 25 Pa.Commonwealth Ct. 318, 360 A.2d 802 (1976), this Court reviewed the trial court's dismissal of the action in mandamus seeking a deemed approval of the zoning application pursuant to Section 908(9) of the MPC, 53 P.S. § 10908(9), which imposes the sanction of a deemed approval for a zoning hearing board's failure to "render a decision" within the required time period. The applicant argued that the board had failed to render a decision because its actions were rendered invalid under the then effective Sunshine Act.[2] In rejecting the applicant's argument, this Court stated:

> The Sunshine Law declares that 'no formal action shall be valid unless such formal action is taken during a public meeting'; it does not declare that such action so taken is no action at all. The holding in *Foltz* [*v. Monroeville,* 5 Pa.Commonwealth Ct. 304, 290 A.2d 269 (1972) ] is to be confined to its facts—that mandamus will lie where it is alleged the Zoning Hearing Board has made *no decision* within forty-five days after its last hearing; it is not authority for testing in mandamus *the validity of a decision* admittedly timely made, on the ground of an alleged violation of the Sunshine Law or *for other nonsubstantive reasons,* of which the asserted lack of a quorum or failure to give proper hearing notice are examples which come immediately to mind.

*Id.* 25 Pa.Cmwlth. at 321–22, 360 A.2d at 804 (footnote omitted) (emphases added).

The *Enck* holding was reaffirmed in *Appeal of Emmanuel Baptist Church,* 26 Pa.Commonwealth Ct. 427, 364 A.2d 536 (1976), wherein the Court stated:

> The 'deemed approved' rule ... is designed ... to assure applicants of timely decisions on their zoning applications, and zoning boards under this rule can no longer effectively frustrate or prohibit lawful land uses by refusing to act on zoning applications. But, where *some action* has been

**2.** Act of July 19, 1974, P.L. 486, *formerly* 65 P.S. §§ 261–269, repealed by Section 17 of the Act of July 3, 1986, P.L. 388. A similar act is now found in 65 P.S. §§ 271–286.

taken within 45 days but rendered invalid only because of a board's failure to adhere to the Sunshine Law, the purpose of the 45–day rule is not furthered by granting the application without any consideration as to the validity of the use and thus penalizing the Township and jeopardizing its land use scheme. The Township has acted in good faith, if mistakenly, and further penalization is not required.

*Id.* at 437, 364 A.2d at 541–42 (emphasis added). Although *Enck* and *Emmanuel Baptist Church* involved a claim of a deemed approval under Section 908(9), the principles set forth therein are equally applicable to a claim of deemed approval under Section 508(3).

■ It is well established that provisions of a statute are to be interpreted with reference to the context in which they appear. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375 (1989). Further, "[s]tatutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things." Section 1932(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932(a).

■ The MPC does not directly define the term "decision" contained in Article V, Section 508. However, the term "decision" when used in Article IX (53 P.S. §§ 10901–10916.2) and Article X–A (53 P.S. §§ 11001–A—11006–A) means a *"final adjudication* of any board or other body granted jurisdiction ... either by any reason of the grant of exclusive jurisdiction or by reason of appeals from determinations." Section 107(b) of the MPC, 53 P.S. § 10107(b) (emphasis added). Article IX, Section 909.1(b)(2) of the MPC[3] grants the governing body exclusive jurisdiction to hear and render *"final adjudications* ... on [a]ll applications *pursuant to section 508* for approval of subdivisions or land developments under Article V." (Emphases added.) Hence, the term "decision," whether used in Section 908 or Section 508, means a final adjudication.

3. Added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(b)(2).

Since under the structural scheme of the MPC the term "decision" in Sections 508 and 908 has the same meaning, the cases which considered a deemed approval for failure to render a "decision" under Section 908 are equally applicable in considering whether the Board failed to render a "decision" under Section 508. Thus, whether the action in question is made by a zoning hearing board or by a governing body, the same logic set forth in *Enck* and *Emmanuel Baptist Church,* that a procedurally defective decision is not tantamount to the absence of a decision, must be equally applied.

Penllyn, relying on *Petrone v. Board of Commissioners of Swatara Township,* 22 Pa.Commonwealth Ct. 415, 349 A.2d 500 (1975), contends that the denial of the application by less than a majority vote of the entire Board members constitutes a non-decision warranting a deemed approval. The facts presented in *Petrone,* however, are distinguishable and, moreover, this Court has disavowed the *Petrone* holding in subsequent cases.

In *Petrone,* this Court held that the four-to-four split vote of the board of commissioners cannot be considered a "decision" under Section 508 of the MPC and that the applicant is, therefore, entitled to a deemed approval of the development plan. Later however, in *Giant Food Stores, Inc. v. Zoning Hearing Board of Whitehall Township,* 93 Pa.Commonwealth Ct. 437, 501 A.2d 353 (1985), this Court again considered the issue of whether the one-to-one split vote of the three-member zoning hearing board constituted a failure of the board to render a decision under Section 908(9). In that case, as in this, one member of the Board declined to vote because he had appeared at the hearing as an objector to the request for a use variance in question. In holding that the tie vote of the board constituted a negative decision, rather than the absence of a decision triggering a deemed approval under the MPC, this Court stated:

This court expressly disavows any conclusion that a tie vote of a zoning hearing board constitutes the absence of a decision. Neither *Petrone* nor *Borough of Youngsville [v. Zoning Hearing Board,* 69 Pa.Commonwealth Ct. 282, 450

A.2d 1086 (1982)] should be understood to imply that an applicant is to receive an undeserved windfall benefit from the well-intended inability of a zoning hearing board to agree when there is an even number of votes available. *Id.* 93 Pa.Cmwlth.Ct. at 441, 501 A.2d at 355. Thus, *Giant Food Stores* further supports our conclusion that the Board's action, although based upon an affirmative vote of less than the required majority of its members, cannot be considered to be a failure to render a decision for the purpose of determining a deemed approval under Section 508.

In the matter *sub judice,* Penllyn granted several extensions of the allotted time period while the parties attempted to resolve the alleged noncompliance with the requirements of the Township ordinances. There are no allegations or evidence of bad faith or deliberate inaction on the part of the township officials. As in *Enck* and *Emmanuel Baptist Church,* the Board took an action and communicated its decision to Penllyn in a timely manner, but failed to adhere to the procedural requirement of the Township Code. Under these circumstances, the purpose of Section 508 to promote the decision process of the Board will not be furthered in any way by penalizing the Township with a deemed approval. Moreover, allowing a deemed approval for non-substantive reasons despite the plan's alleged violations of the Township ordinances would result in "an undeserved windfall benefit." *Giant Food Stores,* 93 Pa.Commonwealth Ct. at 441, 501 A.2d at 355.

The only issue presented in this action in mandamus is whether Penllyn is entitled to a deemed approval for the alleged procedural defects in the Board's decision. Mandamus is not appropriate to test the validity of a timely decision on non-substantive grounds. *Enck.* Thus, in *Enck,* this Court refused to rule on the validity of the zoning hearing board's decision based upon the alleged violation of the Sunshine Act. Moreover, where any other remedy is available to a plaintiff, mandamus is not appropriate. *Equitable Gas.* Penllyn filed the statutory appeal to the trial court challenging the merits of the Board's denial of its application. Therefore, our deter-

mination that Penllyn is not entitled to a deemed approval in this proceeding does not leave Penllyn without a remedy.

Since Penllyn does not have a clear legal right to a deemed approval under Section 508(3) of the MPC, the trial court did not commit an error of law nor did it commit an abuse of discretion in dismissing the complaint in mandamus. Accordingly, the order of the trial court is affirmed.

## *ORDER*

AND NOW, this 7th day of February, 1994, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.