IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Springfield Township, Mercer County,  :
Pennsylvania                              :
                                            :
                v.               :   No. 1303 C.D. 2020
                                            :   No. 1304 C.D. 2020
Richard Ratvasky and Joyce Ratvasky,  :   Submitted: October 21, 2021
husband and wife,                 :
                      Appellants   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE J. ANDREW CROMPTON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                           FILED: December 14, 2021

      Richard Ratvasky and Joyce Ratvasky (Landowners) appeal two orders of the Court of Common Pleas of Mercer County (trial court) rejecting their request for a deemed approval of their conditional use application and land development plan. Landowners argue that the trial court erred for two reasons. First, the Springfield Township Board of Supervisors (Township Supervisors) did not begin a hearing within 60 days after receiving the conditional use application, as required by Section 908(1.2) of the Pennsylvania Municipalities Planning Code (MPC).[1] Second, the Township Supervisors did not make a decision on their land development plan "within the time and in the manner required" by Section 508 of the MPC, 53 P.S. §10508. The two matters have been consolidated in this Court. Upon review, we affirm the trial court.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(1.2).

**Background**

Landowners own three contiguous parcels of real property (Property) located in the VR-Village Residential District (VR District) and propose to develop the Property to expand their automotive service and repair business.[2] On May 6, 2019, Theodore Burke, Jr., a professional engineer, sent Landowners' land development plan by email to the Township office manager, Ronda McClelland. On May 14, 2019, she forwarded the email submission to the Township zoning officer, Richard Grossman; the Township Planning Commission; and the Township Supervisors for a "pre-application conference" scheduled for May 20, 2019. Reproduced Record at 377a (R.R.__).

On May 20, 2019, prior to the conference, Grossman provided his written comments to the Planning Commission, which stated, in pertinent part, as follows:

> [Landowners'] application will need both conditional use and land development plan approval. In the past we have permitted both applications at the same time. Since this is just a sketch plan, your only action would be to recommend whether this should move forward for conditional use hearing.

R.R. 378a. The Planning Commission convened to discuss the "Pre-Application Sketch Ratvasky Service Center." R.R. 379a. The Planning Commission concluded that it "needs further clarification on the size of buildings that can be constructed in the VR District." *Id.*

---

[2] "Service Stations/Convenience Stores/Service and Repair Businesses" are classified as conditional uses within the VR District. SPRINGFIELD TOWNSHIP (MERCER COUNTY) ZONING CODE, §305 (October 2018); Reproduced Record at 191a (R.R.__).

On June 7, 2019, Burke emailed Landowners' "revised applications" for "the two lots instead of three." R.R. 32a. McClelland responded, in pertinent part, as follows:

> I will be preparing an invoice for [Landowners] - $725.00 total fee for the Sewage Permit; $725.00 plus ½ of the cost of the Stenographer for the Conditional Use Hearing[.]
>
> *After you receive a favorable response to* Conditional Use Hearing *you will then start the* Land Development Plan *procedure* - $2,050 fee for the Land Development Plan and a deposit for the Land Development Plan of $2,500 which will be drawn on for review fees for reviews by Township consultants; any [money] left will be returned to [Landowners].
>
> I just wanted to give you a heads up on the upcoming fees. *The deadline for submitting Plans (Article 3 and 4 of the Zoning Ordinance) is June 24th so the review process can begin on the* Conditional Use Application *for consideration at the July 22 Planning Commission meeting.*

*Id.* (emphasis added). However, McClelland did not send out the invoices, and Landowners did not pay the fees for either the conditional use application or the land development plan.

On June 18, 2019, McClelland sent a letter to Landowners, which stated as follows:

> Re: Conditional Use Application
>
> Dear [Landowners]:
>
> This letter acknowledges receipt by [] Township of an application for the above-referenced project. The Township has determined that your application is not complete as submitted to the Township, pursuant to the applicable requirements of the

3

Township Subdivision and Land Development Ordinance [(SALDO)].[3]

As submitted this application to the Township will not be processed. We will wait to hear from your engineers as to how they plan to proceed with the project.

R.R. 389a. Attached to their letter was a printout of an email McClelland sent to Burke the same day, which stated, in pertinent part:

There may need to be a lot consolidation (a Subdivision Plan) done firstly [sic] if the project will use both of those parcels, and the engineers may need more time to complete their plan documents.

At this time the Township will reject the current Conditional Use Application until more specific information is presented by [engineers] on how they want to proceed with the project.

R.R. 391a.

On January 3 and 10, 2020, Landowners published a "notice of deemed approval of conditional use request." R.R. 19a. On April 16 and 23, 2020, Landowners published a "notice of deemed approval of land development application." R.R. 36a. Both notices were posted at the Property. The Township filed land use appeals in opposition to Landowners' claim of deemed approval of the conditional use and land development applications. The appeals were consolidated before the trial court, which held an evidentiary hearing.

At the hearing, Burke testified that he took a hard copy of the May 6, 2019, applications to the Township office and was told by McClelland that no fees were due at that time. Notes of Testimony, 9/14/2020, at 51 (N.T.__). Burke was

---

[3] SPRINGFIELD TOWNSHIP MERCER COUNTY SUBDIVISION AND LAND DEVELOPMENT ORDINANCE (2017) (SPRINGFIELD SALDO); R.R. 300a-357a.

told that "there was a Planning Commission meeting on [May] 20th and [] we could be there for just an informal get together where [we] review what you want[.]" N.T. 53.

Burke and Landowners attended the public meeting of May 20, 2019. At the meeting they learned that because the proposed service station exceeded 5,000 square feet, the conditional use application could not be approved. In response, Burke reduced the square footage by "tak[ing] out one of the three lots." N.T. 54. Burke resubmitted the applications on June 7, 2019, which he believed were the ones that "would move forward" and trigger "everything." N.T. 61.

Landowners testified that Burke prepared the conditional use and land development applications for them. Although they did not pay the filing fees, they did pay $700 for a sewage permit. After the May 20, 2019, Planning Commission meeting, Landowners learned from Grossman, the zoning officer, that the Planning Commission erred in suggesting that the 5,000-square-foot limitation applied to a service station. N.T. 26. Nevertheless, Landowners decided to take "one [parcel] off" and authorized Burke to resubmit the applications. N.T. 27. Shortly thereafter, Landowners received the Township's letter of June 18, 2019, rejecting their application as incomplete.

McClelland testified that when she and Burke discussed Landowners' project, she told him to "consider getting his sketch[es] together" for a "pre-application conference[]" with the Planning Commission. N.T. 78. McClelland described the application process as follows:

> [McClelland:] [W]e often had pre-application conferences. Because sometimes what the people proposed, they found out at that meeting that it probably wouldn't be possible, and then they didn't have to go through the expense of paying the fee, getting drawings made that may not be worth anything.

* * *

[Counsel:] And then in general, but not specifically in this case, what happens after the pre-application meeting?

[McClelland:] Usually, if the person gets a favorable feeling from the Planning Commission, they may continue on with their paperwork process, which would be the complete package of what they want to do, which requires drawings and plans. And then at that time the fee would be paid….

* * *

[Counsel:] When is that due and payable?

[McClelland:] Not until they are actually considered seriously applying. And I don't know what that could mean to some people. *But if you are just submitting a sketch, drawings, and a concept of what you might want to build, that is not enough information to be considered a full application that would be accepted by the Township.*

N.T. 78-80 (emphasis added). McClelland testified that the Township did not charge a fee on Landowners' applications because they were incomplete. A complete application must include "a full blown architectural rendering of the property with storm water management information and anything else pertinent to disturbing that site," which were missing from Landowners' applications. N.T. 81-82.

McClelland testified that the Township administrator, John Trant, directed that she send the June 18, 2019, rejection letter. Trant oversaw "subdivision and land development and conditional use zoning hearings," and "that's how he knew that we needed to get that letter out." N.T. 84-85. Landowners did not contact the Township about their project after June 18, 2019.

By decision and order of November 20, 2020, the trial court granted the Township's appeals and held that Landowners were not entitled to a deemed

approval of either the conditional use or the land development application. The trial court agreed that Landowners' applications were incomplete because they had not paid the filing fees. Under Section 105 of the Township Zoning Ordinance, "[a]ny *application for ... conditional use ... shall be accompanied by a fee*," and "[n]o permit, certificate, application … shall be issued, *nor shall any action be taken*" until "such costs, charges, fees or expenses have been *paid in full*." SPRINGFIELD TOWNSHIP (MERCER COUNTY) ZONING CODE, §105 (emphasis added); R.R. 180a. In the absence of a complete application, the Township was not required to hold a hearing within the 60-day deadline set forth in Section 908(1.2) of the MPC. In the alternative, the trial court reasoned that even assuming May 6, 2019, was the date for triggering the deemed-approval provision in the MPC, the Township acted on June 18, 2019, by sending a rejection letter to Landowners, which was well within the 60-day period required by Section 908(1.2) of the MPC. Trial Court op. at 12.

The trial court rejected Landowners' argument that they were excused from paying the filing fees by the doctrine of equitable estoppel. Although McClelland told Landowners that no filing fees were due until the application was complete, she did not have authority to waive fees. The fee schedules were public knowledge, and the trial court found "no innocent reliance" by Landowners, as necessary for application of the equitable estoppel doctrine. Instead, Landowners lacked "clean hands" by taking no action after receiving the June 18, 2019, rejection letter. Trial Court op. at 11.

Landowners appealed to this Court.[4]

---

[4] We review the trial court's findings and legal conclusions for error of law or abuse of discretion. *Borough of Jenkintown v. Board of Commissioners of Abington Township*, 858 A.2d 136, 138-39 (Pa. Cmwlth. 2004).

**Appeal**

On appeal, Landowners raise two issues for our review. First, Landowners argue that the trial court erred in concluding that they were not entitled to a deemed approval of the conditional use request where the Township failed to schedule a hearing on their application within the 60-day period set forth in Section 908(1.2) of the MPC. Second, Landowners argue that the trial court erred in concluding that they were not entitled to a deemed approval of the land development plan where the Township failed to specify the defects in Landowners' application within the time and in the manner required by the SALDO and Section 508 of the MPC. We address these issues *seriatim*.

## I. Conditional Use Application

Landowners argue that the trial court erred in concluding that they were not entitled to a deemed approval of the conditional use application. The Township accepted Landowners' application, assigned it a number, and never advised Landowner of the amount of the fee required. Accordingly, the Township has "waived its right to reject the [application] for non-payment [of fees]." Landowners Brief at 25. The pre-application conference is part of the process for a land development application under the SALDO, but it does not apply to a conditional use application.[5] *Id.* at 23 n.9. Once the Township accepted the conditional use

---

[5] Section 302 of the Township SALDO governs "pre-submission/pre-application conference." It states, in pertinent part, as follows:

A. *A sketch plan/pre-submission conference is not required; however, it is strongly recommended*. The purpose is to acquaint the developer with the requirements of this Ordinance and to avoid unneeded proceeding or incorrectly prepared plats….

B. All pre-application conferences shall be scheduled with the Township staff….

C. The submission of a pre-application conference request and any plans, documents, or information related thereto that are presented at the conference *shall not be deemed by the Township to be the submission or filing of an application for*

8

application, the time deadlines in the MPC govern. While the "technical requirements and interpretations may be addressed collaboratively as ordinance compliance is assessed," the Township was obligated to begin a hearing within 60 days after it accepted the application on May 6, 2019. *Id.* at 26-27 (citing *Nextel Partners, Inc. v. Clarks Summit Borough/Clarks Summit Borough Council*, 958 A.2d 587 (Pa. Cmwlth. 2008)).

Landowners assert that the Township's letter of June 18, 2019, did not constitute a "valid rejection" of the conditional use application. Landowners Brief at 31. The letter and the email attached thereto suggested that the conditional use application was rejected for the stated reason that "a lot consolidation (a Subdivision Plan)" had to be done. However, the merits of a subdivision plan are separate from a conditional use request. Landowners argue that the Township "may not rebut a deemed approval by arguing that the application in question was incomplete or inadequate, when it failed to reject the application on those grounds." Landowners Brief at 36 (citing *Rodier v. Township of Ridley*, 595 A.2d 220, 224 (Pa. Cmwlth. 1991)).

Landowners further contend that the Township's letter of June 18, 2019, was not appealable because it was not a "decision" as defined in Section 107 of the MPC.[6] The Township administrator, Trant, had no authority to render a

---

*subdivision or land development approval with the Township, nor shall it be the start of any statutorily prescribed Township review period.* The pre-application conference shall not protect the application from subsequent amendments to any applicable Township ordinance provision made prior to the date of the filing of a complete application. *The pre-application conferences are intended to be advisory only and shall not bind the Township to take any action on any application subsequently submitted.*

SPRINGFIELD SALDO, §302; R.R. 316a (emphasis added).
[6] Section 107 of the MPC defines "decision" as:

decision on the conditional use application. This authority lies only with the Township Supervisors "after a hearing before them." Landowners Brief at 34. The trial court erred in applying the "unclean hands doctrine" in denying Landowners equitable relief because the MPC does not require Landowners to take any action prior to seeking a deemed approval. *Id*. at 39, 41.

The Township responds that Landowners confuse "application form" with "application process"; only the latter requires the payment of an application fee. Township Brief at 4-5. Landowners' applications were never accepted for filing because no fees were paid. As such, the 60-day period for holding a hearing in Section 908(1.2) of the MPC never began to run. Even so, the June 18, 2019, letter rejected Landowners' applications, which the trial court found was not "confusing and ambiguous," as Landowners asserted. Trial Court op. at 13.

We begin with a review of Section 908(1.2) of the MPC, which provides, in relevant part, that "[t]he first hearing before the board or hearing officer shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time." 53 P.S. § 10908(1.2). Further, Section 913.2(b)(2) of the MPC[7] states:

> *Where the governing body* fails to render the decision within the period required by this subsection or *fails to commence, conduct or complete the required hearing as provided in section 908(1.2), the decision shall be deemed to have been rendered in favor of*

---

[a] final adjudication of any board or other body granted jurisdiction under any land use ordinance or this act to do so, either by reason of the grant of exclusive jurisdiction or by reason of appeals from determinations. All decisions shall be appealable to the court of common pleas of the county and judicial district wherein the municipality lies.

53 P.S. §10107.

[7] Added by the act of December 21, 1988, P.L. 1329.

*the applicant unless the applicant has agreed in writing or on the record to an extension of time.* When a decision has been rendered in favor of the applicant because of the failure of the governing body to meet or render a decision as hereinabove provided, the governing body shall give public notice of the decision within ten days from the last day it could have met to render a decision in the same manner as required by the public notice requirements of this act. If the governing body shall fail to provide such notice, the applicant may do so.

53 P.S. §10913.2(b)(2) (emphasis added). In *Grim v. Borough of Boyertown*, 595 A.2d 775, 779 (Pa. Cmwlth. 1991), this Court stated that "the language of that section which provides that a decision 'shall be deemed to have been rendered in favor of the applicant,' where the board fails to hold the required hearing within 60 days, is imperative."

The purpose of a deemed approval is "to ensure orderly disposition of land use applications and protect applicants from delay by municipalities, not to limit what plans may be approved." *Gaughen LLC v. Borough Council of Borough of Mechanicsburg*, 128 A.3d 355, 363 (Pa. Cmwlth. 2015). The merits of the application are irrelevant to a deemed approval. *Id.* At the same time, deemed approvals are disfavored because they can "result in regulatory approvals that could be at variance with the zoning provisions that were enacted to protect the health, welfare and safety of the community." *LVGC Partners, LP v. Jackson Township Board of Supervisors*, 948 A.2d 235, 237 (Pa. Cmwlth. 2008). Courts are "alert for gamesmanship which allows for the disposition of cases on timing issues rather than substantive grounds." *Nextel Partners*, 958 A.2d at 591.

In *Gaughen*, 128 A.3d 355, the developer submitted a land development plan for an apartment complex. Two weeks later, the borough engineer informed the developer that the plan did not comply with certain provisions of the borough's

11

zoning and land development ordinances. The planning commission tabled the plan at the request of the developer, who later met with the borough officials to discuss the issues raised by the engineer concerning the plan. At no point did the borough notify the developer that it considered the application incomplete or not filed.

The borough's SALDO provided for a deemed approval if the borough council failed to issue a decision within 90 days from the date of the application's filing. It also provided that no application would be considered "filed" unless "the same conforms in every respect to the requirements of this ordinance." *Id.* at 358. When the borough council failed to act within the 90-day period, the developer filed a mandamus action, seeking confirmation of a deemed approval of its land development plan.[8] The trial court dismissed the developer's claim and ruled that the 90-day deadline never began to run because the developer's plan did not substantively conform "in every respect to the requirements" of the SALDO. This Court reversed. We reasoned that the SALDO referred to the "filing requirements," *i.e.*, "what must be submitted [to the borough] and what a plan must contain," as opposed to "substantive requirements for approval." *Id.* at 363-64. The filing requirements "ensure that the municipality has the material that it needs to conduct a meaningful review" of the application, "not to prevent the filing of applications for plans that do not meet all ordinance requirements for approval." *Id.* at 363.

The borough's SALDO set forth the requirements for a filing, but the record was unclear that the developer's plan satisfied those requirements. *Id.* at 364. This Court concluded that it need not resolve "which party bears the consequence of

---

[8] A mandamus action is the proper vehicle to compel zoning officials to recognize the right to a "deemed approval." *Philomeno & Salamone v. Board of Supervisors of Upper Merion Township*, 966 A.2d 1109, 1110 (Pa. 2009). Here, Landowners did not file a mandamus action but, rather, published deemed-approval notices in newspapers and posted the notices on the Property. The Township appealed to the trial court challenging Landowners' claim of a deemed approval.

this failure of proof" because the borough was "barred from asserting that filing deficiencies in the [d]eveloper's plan prevented the [ordinance] deadlines from running." *Id.* at 365. The borough chose to accept and treat the developer's plan as filed and raised the defense of improper filing only after the developer asserted a deemed approval. *Id.* at 366. At no time did the borough attempt to return the application fee. *Id.* As such, this Court held the developer was entitled to a deemed approval. We further stated:

> [A] municipality has a legal obligation to proceed in go[o]d faith in reviewing and processing development plans, and where a *municipality receives an incomplete application that precludes meaningful review, it should act clearly and without delay* to notify the applicant that the application has been rejected as incomplete.

*Id.* (emphasis added) (internal quotations omitted).

Here, Landowners submitted a conditional use application to the Township on May 6, 2019, and resubmitted it on June 7, 2019. Section 105 of the Township Zoning Ordinance provides, in pertinent part, as follows:

> *Any application for amendment, variance, special exception, conditional use, permit or any other application or certificate within the scope of this Ordinance, shall be accompanied by a fee,* such fee to be established by resolution of the Township Board of Supervisors, who may, from time to time revise such fees in order to bear a reasonable relationship to the costs involved.

ZONING CODE, §105 (emphasis added); R.R. 180a. Section 401 of the Zoning Ordinance further provides:

> Applications for Conditional Uses and Special Exceptions shall be made to the Zoning Officer. Conditional Uses shall be granted

13

or denied by the Board of Township Supervisors after the recommendation of the Township Planning Commission….

ZONING CODE, §401; R.R. 193a.[9] The Zoning Ordinance does not provide a deadline for a conditional use hearing or a deemed-approval provision. As such, the 60-day hearing deadline set forth in Section 908(1.2) of the MPC and the deemed-approval provision in Section 913.2(b)(2) of the MPC govern. Other than the filing fee, the Zoning Ordinance does not specify what is required for a complete conditional use application. Nevertheless, it is undisputed that Landowners did not pay the filing fee for their conditional use application, as required in the Zoning Ordinance. *See* ZONING CODE, §105; R.R. 180a.

Landowners argue that because the Township did not give them an invoice for the fees to be paid, it has "waived its right to reject" the conditional use application "for non-payment [of fees]." Landowners Brief at 25. However, the Township did not reject Landowners' application for non-payment of fees. Rather, the Township's June 18, 2019, letter advised that Landowners' application "will not be processed" because it was determined "not complete … pursuant to the applicable requirements of the [SALDO]." R.R. 389a. Landowners correctly point out that the SALDO has no bearing on a conditional use request. Nevertheless, the June 18, 2019, letter plainly rejected Landowners' application. In *Gaughen*, 128 A.3d 355, the borough accepted the plan and only raised the defense of improper filing after the developer asserted a deemed approval. By contrast, here, the Township rejected Landowners' revised application as improperly filed days after its receipt.

_____

[9] The Township Supervisors, in granting a conditional use, "may attach reasonable conditions and safeguards, in addition to those expressed in this Ordinance, as they may deem necessary to implement the purposes of the [MPC] and this Ordinance." ZONING CODE, §401; R.R. 193a. The minimum standards for granting a conditional use for service stations or service and repair businesses are set forth in Section 408 of the Zoning Ordinance. ZONING CODE, §408; R.R. 197a.

14

Landowners had no reason to expect the Township Supervisors to hold a hearing on their conditional use application. The 60-day deadline for holding a hearing in Section 908(1.2) of the MPC was never triggered.

This conclusion is consistent with *Penllyn Lands v. Board of Supervisors of Lower Gwynedd Township*, 638 A.2d 332 (Pa. Cmwlth. 1994). There, the landowner filed a land development plan for an apartment complex, and the township denied the application. The landowner then filed an action in mandamus asserting the right to a deemed approval of the application. In support, the landowner asserted that because the board of supervisors' vote was by less than the majority of its members, it failed to render a valid decision before the expiration of the statutory time period. The trial court dismissed the landowner's mandamus action, and this Court affirmed. We explained that "a procedurally defective decision is not tantamount to the absence of a decision[.]" *Id*. at 335. The board of supervisors acted timely, albeit in a procedurally defective way. In these circumstances, we held that a deemed-approval provision is not the mechanism for testing the validity of a zoning decision.

The Township rejected Landowners' conditional use application as incomplete by issuing the June 18, 2019, letter. Although the letter cited the SALDO instead of the Zoning Ordinance, this defect "is not tantamount to the absence of a decision." *Penllyn Lands*, 638 A.2d at 335. Landowners could have appealed the Township's June 18, 2019, decision. We conclude that the trial court did not err in holding that Landowners were not entitled to a deemed approval of their conditional use application.

15

## II. Land Development Plan

Landowners argue, next, that the trial court erred in concluding that they were not entitled to a deemed approval of their land development plan where the Township failed to specify, in a timely manner, the defects in Landowners' application. The SALDO requires the Township to review land development application submissions "within ten (10) business days of receipt … to determine if all required information is complete" and, if the application is incomplete, notify the applicant "in writing within three (3) business days of that decision." SPRINGFIELD SALDO, §307; R.R. 317a. Landowners acknowledge that their application contained only "basic drawings" and not all the required information. Landowners Brief at 44. However, the Township did not reject the application as incomplete until June 18, 2019, 42 days after receiving the submission on May 6, 2019. *Id.* In the alternative, treating the revised application of June 7, 2019, as "a new submission," Landowners argue that the Township's rejection letter failed to identify the "specific completion deficiencies" as required by both Section 307 of the SALDO and Section 508(2) of the MPC. These failures entitle Landowners to a deemed approval of their development plan. Landowners Brief at 44, 46 (citing *Lehigh Asphalt Paving and Construction Company v. Board of Supervisors of East Penn Township*, 830 A.2d 1063 (Pa. Cmwlth. 2003)).

The Township responds that Landowners' land development application was not complete without payment of the filing fee, and the Township acted in good faith by issuing a prompt notice to Landowners that "a lot consolidation (a Subdivision Plan)" needs to be performed first. R.R. 389a, 391a. The Township contends that the land development application process never actually started because it makes "absolute sense" for Landowners to secure conditional use

16

approval before "spending a significant sum of money on land development." Township Brief at 12.

Section 508 of the MPC provides in pertinent part:

All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance[10] but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed or after a final order of court remanding an application, provided that should the said next regular meeting occur more than 30 days following the filing of the application or the final order of the court, the said 90-day period shall be measured from the 30th day following the day the application has been filed.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

(2) *When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.*

(3) *Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented* unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in

---

[10] The Township SALDO provides for a similar 90-day deadline for the Township Supervisors to render a decision on a land development application. SPRINGFIELD SALDO, §308; R.R. 317a.

which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

53 P.S. §10508 (emphasis added).

Section 307 of the Township's SALDO governs submission of "a complete application." It states:

> The subdivision administrator shall receive submissions, provided the required submission includes the appropriate number of plan copies, all fees are paid, and the plan is submitted at least twenty eight (28) days before the planning commission meeting. *Within ten (10) business days of receipt, the administrator, or another person so appointed by the Township, shall review the application to determine if all required information is complete. If the application is incomplete, the agent shall notify the applicant in writing within three (3) business days of that decision. In this case, specific completion deficiencies shall be specifically identified. The application shall not be considered complete and filed for purposes of review until all deficiencies of information are provided.* If the submission is complete, the administrator shall notify the applicant and provide a receipt of completion upon the applicant's request. *A complete application for consideration by the Township shall include:*
>
> A. Submittal of the required application to the Township offices, during normal business hours, at least twenty-eight days prior to the date of the next regularly scheduled Township Planning Commission Workshop meeting;
>
> B. Correct required application form, fully completed and executed by a person with authority to do so, including such information as may be necessary to verify said authority;
>
> C. Correct application fee, in the correct amount, as set by Township resolution, and as may be amended from time to time;
>
> D. Complete sets of application materials, as required by this Section 305[;]

18

E. Application drawings clearly and legibly drawn to scale and of a size specified under Sections 402A and B.

SPRINGFIELD SALDO, §307; R.R. 317a (emphasis added).

Landowners argue that Section 307 of the SALDO required the Township to reject their land development application as incomplete within "ten (10) business days of receipt [of the submission]" on May 6, 2019. *Id.* As a result, Landowners are entitled to a deemed approval of the land development plan. We disagree.

Failure to adhere to a SALDO deadline does not result in a deemed approval unless the SALDO contains a specific deemed-approval provision. *LVGC Partners*, 948 A.2d at 237-38. In *LVGC Partners*, the landowner filed a mandamus action to enforce its claim to a deemed approval of its subdivision development plan. The board of supervisors sent written notice of the denial to the landowner within the 15-day notification period set forth in Section 508(1) of the MPC, but beyond the 5-day notification period set forth in the township's SALDO. The landowner argued that the supervisors' failure to notify it of the denial of its plan within the 5-day period resulted in a deemed approval of the plan under Section 508 of the MPC. The trial court dismissed the landowner's mandamus action, and this Court affirmed for the stated reason that the ordinance did not contain a deemed-approval provision. Further,

> [t]he provision that makes failure to act a deemed approval is in Section 508(3) of the MPC. It provides that "[f]ailure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required *herein* shall be deemed an approval ...," and the "herein" is the 15 days set forth in Section 508(1). Because the deemed approval only applies to the 15-day period set forth in the MPC, we cannot graft a deemed approval provision into [the SALDO]

19

to penalize the [supervisors'] procedural tardiness where such is expressly lacking.

*LVGC Partners,* 948 A.2d at 238 (emphasis in original).

Likewise, here, the SALDO does not contain a deemed-approval provision. As such, the Township's failure to reject the land development plan as incomplete within the 10-day period established in Section 307 of the SALDO did not result in a deemed approval of the plan. Nor did this failure of the Township trigger the deemed-approval provision in Section 508(3) of the MPC because Section 508 does not provide for a 10-day review period for application submissions.

In any event, the requirements in Section 508 of the MPC were never triggered because Landowners did not submit a complete land development plan. In *Gorton v. Silver Lake Township*, 494 A.2d 26 (Pa. Cmwlth. 1985), landowners submitted a subdivision application, a preliminary sketch plan of the proposed subdivision, and a filing fee. The township returned these items to the landowners due to the general incompleteness of the application. Five months later, the landowners submitted two subdivision plans without paying a filing fee. The township again returned the applications to the landowners as not containing the information required by the ordinance. The landowners then filed a mandamus action, asserting that the township's failure to render a decision on their applications within 90 days of receipt entitled them to a deemed approval of the applications under Section 508 of the MPC. The trial court dismissed the landowners' action, and this Court affirmed. We held that the requirements of Section 508 were never triggered because the landowners had not submitted a complete application. *Gorton*, 494 A.2d at 28.

Landowners argue that their appeal is governed not by *Gorton* but by *Lehigh Asphalt*, 830 A.2d 1063. There, a quarry owner filed a land development

20

plan, along with filing fees and requisite copies of the plan, with the township seeking to expand its quarry operation. The township rejected the plan for the stated reason that "it did not comply with the township's [SALDO]." *Id.* at 1066. Asserting that the township's rejection lacked specificity, the quarry owner filed a mandamus action to confirm a deemed approval of its development plan. The trial court dismissed the mandamus action. On appeal, this Court vacated the trial court's decision and held that the township's failure to specify the defects in the plan and identify the specific ordinance provisions constituted a violation of Section 508(2) of the MPC. The omission entitled the quarry owner to a deemed approval of the plan. Notably, the *Lehigh Asphalt* court distinguished *Gorton*, stating that the township's "admitted treatment of the [] submission as an application for land development under Section 508 of the MPC takes this case outside of the circumstances described in *Gorton*[.]" *Lehigh Asphalt*, 830 A.2d at 1071 n.9.

Here, Landowners did not pay the filing fees for their land development plan, and they acknowledge that their application contained only "basic drawings" and, thus, was not "complete" under Section 307 of the SALDO. Landowners Brief at 44. The May 6, 2019, submission contained "just a sketch plan." R.R. 378a. The zoning officer recommended that the Planning Commission consider only the conditional use request at the May 20, 2019, pre-application conference. Landowners' revised application submitted on June 7, 2019, merely reduced the square footage by taking one parcel off the plan. In the June 7, 2019, letter, the Township stated that the land development plan procedure would not start until Landowners received "a favorable response to conditional use hearing." R.R. 32a. McClelland testified that the Township did not charge Landowners the filing fee on their land development application because it was incomplete. N.T. 81-82. Unlike

21

*Lehigh Asphalt*, the Township did not treat Landowners' plan as filed under Section 508 of the MPC. As such, the requirements and the deemed approval provision in Section 508 of the MPC were never triggered. *Gorton*, 494 A.2d at 28.

**Conclusion**

We hold that Landowners are not entitled to a deemed approval of their conditional use request under Section 908(1.2) of the MPC because the Township rejected the application as incomplete. Although the Township cited the incorrect ordinance in its rejection letter, the letter constituted a land use decision that Landowners could have appealed to the trial court. *Penllyn Lands*, 638 A.2d 332. We also hold that Landowners were not entitled to deemed approval of their land development plan. That the Township did not determine that the application was incomplete within 10 days after receiving the submission, as required in the SALDO, did not entitle Landowners to a deemed approval of the plan because the SALDO does not contain a deemed-approval provision, and Section 508 of the MPC does not provide for a 10-day review period that would trigger the deemed-approval provision therein. In any event, the land development application was incomplete and would never trigger the requirements in Section 508 of the MPC. For these reasons, we affirm the trial court's November 20, 2020, orders.

_____
MARY HANNAH LEAVITT, President Judge Emerita

22

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Springfield Township, Mercer County,  :
Pennsylvania                                :
                                        :
                 v.          :    No. 1303 C.D. 2020
                                        :    No. 1304 C.D. 2020
Richard Ratvasky and Joyce Ratvasky,  :
husband and wife,                    :
                    Appellants    :

## **O R D E R**

AND, NOW, this 14th day of December, 2021, the orders of the Court of Common Pleas of Mercer County, dated November 20, 2020, in the above-captioned matter, are hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita